## GRAY v. FIFIELD.

Absence from the state will not prevent the statute of limitations from running, when the defendant was in a position to receive notice from a summons left at his domicile in this state.

ASSUMPSIT, to recover the balance of the defendant's promissory note, dated January 10, 1870, upon which there are endorsed several partial payments, the last being dated August 8, 1872.   Plea, the general issue, with a brief statement of the statute of limitations.   Facts found by a referee.

At the date of the note the defendant resided in this state, and has continued to reside here to the present time, except as hereafter stated.   In November or December, 1874, he broke up housekeeping in Laconia, his wife going to her father's in Franklin with their goods and furniture, and the defendant to Massachusetts, where he was employed by different parties until May, 1875. While so employed, he went home to his family in Franklin as often as once in three or four weeks, and sometimes as often as once in two or three weeks.   During his absence, his wife and child, about two years of age, occupied a kitchen and sleeping-room in her father's house, her goods, except what she used, being stored in the attic.   She lived apart from her father's family, and did her own work, her husband contributing to her support. After his return from Massachusetts in May, 1875, they procured another tenement and kept house, living in Franklin until January, 1878, and in Manchester since that time.

The referee found for the defendant.

*Andrews*, for the plaintiff.

*Foote*, for the defendant.

SMITH, J.   The referee was warranted in finding that the defendant was in a position to receive notice of a suit from a summons left at his home in Franklin.   Not only his legal domicile, but his place of abode, within the meaning of the statute, was in this state.   *Gilman* v. *Cutts*, 23 N. H. 376, 385—*S. C.*, 27 N. H. 348, 358;   *Ward* v. *Cole*, 32 N. H. 452;   *Brown* v. *Rollins*, 44 N. H. 446.

*Judgment for the defendant.*

BINGHAM, J., did not sit: the others concurred.