QUARLES *& a.* v. BICKFORD.

In order to prevent the running of the statute of limitations, the debtor's absence from the state must be such that process cannot be so served upon him that the judgment obtained in the suit will bind him personally.

ASSUMPSIT. Plea, the statute of limitations. Replication that the defendant has been absent from and residing out of the state, and has not been in the state six years from the time the cause of action accrued to the date of the writ, January 16, 1886. Facts found by the court. The cause of action accrued November 19, 1879. The defendant then resided in Ossipee with his wife and child. In 1879, 1880, 1881, and 1886 he was assessed in Ossipee for a poll tax. In 1882, 1883, 1884, and 1885 he was not assessed. He voted in Ossipee at the November elections, 1882, 1884, and 1886, and at the March election in 1883. It did not appear whether he voted at the March elections in 1880, 1881, 1882, 1884, 1885, and 1886, or at the November election in 1880. His right to vote in Ossipee has not been questioned. In January, 1884, the defendant and his wife hired a house in Ossipee, in which she has since resided with her child. From November, 1879, to January, 1884, she kept house for her father in Ossipee. For the last ten or twelve years the defendant has worked at his trade as a shoemaker in Lynn, Mass., contributing to the support of his wife and child. In the summer of 1881, and each season since, the wife worked for a period of three months or more in hotels at North Conway and elsewhere in the state, and in the summers of 1882 and 1883 the defendant worked with her at the same hotel. Since 1879, and prior to 1886, he has worked at the hotels in Ossipee during one or more terms of court. Since 1879 he has gone home to his family at Ossipee, in addition to the times above stated, at least three times a year, stopping two or three weeks each time. When he came home he lived with his wife, and while he was at Lynn they corresponded about every week. During all the time since November, 1879, he has claimed Ossipee as his home, and has not regarded Lynn as his permanent place of abode. While his wife was at work in hotels, their house in Ossipee was closed. Upon

these facts the court found that the defendant, since November, 1879, was in a position to receive notice of a suit from a summons left at his home in Ossipee, and rendered a verdict in his favor. The plaintiffs excepted on the ground that the finding was not warranted by the facts.

*S. D. Quarles* and *Frank Weeks*, for the plaintiffs.

*F. B. Osgood*, for the defendant.

CARPENTER, J. In order to prevent the running of the statute of limitations, the debtor's absence from the state must be such that process cannot be so served upon him that the judgment obtained in the suit will bind him personally. *Gilman* v. *Cutts*, 23 N. H. 376; *Gilman* v. *Cutts*, 27 N. H. 348; *Ward* v. *Cole*, 32 N. H. 452; *Ward* v. *Howe*, 38 N. H. 35, 40; *Brown* v. *Rollins*, 44 N. H. 446; *Bell* v. *Lamprey*, 52 N. H. 41. Service may be made by leaving an attested copy of the writ or a summons at the defendant's abode. Gen. Laws, *c.* 223, *ss.* 2 and 3. Upon the evidence reported, it was competent for the court to find that the defendant's abode, within the meaning of the statute, was, or that it was not, within the state during six years after the cause of action accrued. No error of law was committed. *Gray* v. *Fifield*, 59 N. H. 131; *Brown* v. *Rollins*, 44 N. H. 446, 447, 448.

*Exceptions overruled.*

SMITH, J., did not sit: the others concurred.