CAROLYN J. PEABODY, *Adm'x v.* ROBERT L. O'LEARY.

SAME *v.* HARRIS MOTORS, INC.

Argued May 3, 1960.

Decided May 31, 1960.

*Fisher, Parsons & Moran (Mr. Moran* orally), for the plaintiff.

*Burns, Bryant & Hinchey (Mr. Hinchey* orally), for the defendants.

LAMPRON, J. The writ dated January 11, 1957, brought by the plaintiff against the defendant O'Leary was never served on him as required by the provisions of RSA ch. 510. Thus no jurisdiction was ever acquired over him by this writ. *Bissonnette* v. *Alpine, Inc.,* 96 N. H. 419. It cannot be considered as constituting the bringing of an action for wrongful death which would satisfy the requirements of RSA 556:11.

A new writ for the same cause of action was brought against this defendant, served on him, and entered in court. However this writ is dated July 12, 1957, and was served on the defendant August 2, 1957. This action was not commenced within two years after the death of the deceased party on July 1, 1955, and was properly dismissed. *Poff* v. *Telephone Co.,* 72 N. H. 164; *Kostoras* v. *Hines,* 80 N. H. 500; *Costoras* v. *Noel,* 100 N. H. 81, 82.

By motion made on April 21, 1958, plaintiff sought to join O'Leary as a party defendant in his action against Harris Motors Inc., "when a new defendant is brought in by amendment, the situation as to his rights and liabilities is what it would be if an original action against him were brought at that time. As to him, this is the beginning of the suit." *Lewis* v. *Hines,* 81 N. H. 24, 26. At the time this motion to amend was made the cause of action against O'Leary for the wrongful death of plaintiff's intestate had expired as no action had been brought within two years of the date of his death. Therefore the denial of plaintiff's motion to join O'Leary as a party defendant in the action against Harris Motors Inc., was proper. *Costoras* v. *Noel,* 101 N. H. 71.

In view of the result reached it is unnecessary to consider defendant's exception.

*Judgment for defendant O'Leary.*

All concurred.