### Robert T. Hughes *v.* Lumina Hebert *& a.*

Argued January 5, 1965.

Decided February 26, 1965.

*Wyman, Bean & Tefft* (*Mr. Stanton E. Tefft* orally), for the plaintiff.

*Sheehan, Phinney, Bass, Green & Bergevin* and *Richard A. Morse* and *Charles P. Amyot* (*Mr. Morse* orally), for the defendants.

Duncan, J. By this action of case, brought on March 19, 1964, the plaintiff seeks to recover for injuries alleged to have been suffered on July 21, 1958 as a result of a fall on premises owned by the defendants. His exception to the order of the Superior Court granting the defendants' motion to dismiss was reserved and transferred by the Presiding Justice (*Leahy*, C.J.).

A prior action for the same cause was brought by the plaintiff against the defendants on April 19, 1961. On September 19, 1962, plaintiff's counsel in that action withdrew. Notice to the plaintiff requiring new counsel by October 4, 1962 was returned to the clerk, marked "Moved, left no address." On October 10, 1962 the prior action was marked "nonsuit," by order of the Court. Rule 14, Rules of the Superior Court.

The defendants' motion to dismiss the second action, now before us, is grounded upon the following statute: "508:10 Second suit. If judgment is rendered against the plaintiff in an action

brought within the time limited therefor, or upon a writ of error thereon, and the right of action is not barred by the judgment, a new action may be brought thereon in one year after the judgment."

Since the second action was brought more than one year after the entry of nonsuit in the first, the defendants argue that the second action was properly dismissed in accordance with the foregoing statute. The plaintiff, on the other hand, points out that the second suit was brought within the six-year limit imposed by the general statute of limitations (RSA 508:4), and argues that RSA 508:10, *supra*, provides a means by which the general limitation may be tolled or extended, but should not operate to shorten the period otherwise provided for commencing action.

All parties agree that the nonsuit entered in the first action did not operate to bar the plaintiff's right of action. While the plaintiff has suggested that the marking of "nonsuit" was not a "judgment" within the meaning of RSA 508:10, there can be little doubt that the case went to judgment on judgment day, November 6, 1962, at the latest. See Rule 57 (now Rule 60), Rules of the Superior Court. Hence there can be no serious question but that RSA 508:10, *supra*, would have operated to permit a second action to be brought within one year after the judgment. Since this action was not so brought, the question presented is whether it was nevertheless seasonably brought even though more than a year after the judgment, because brought within six years after the cause of action accrued as permitted by RSA 508:4, *supra*.

We think it plain that the second action is not barred by the limitation of RSA 508:10. As was noted in *Milford Quarry &c. Co.* v. *Railroad*, 78 N. H. 176, this statute had its origins in the early English statute of limitations, enacted in 1623. Section 10, as appears from an examination of the chapter in which it appears, is one of several provisions under which the running of general limitations may be tolled. *Cf.* RSA 508:8, 9.

The obvious purpose of section 10 was similarly to permit an action to be brought after the general limitation had run (RSA 508:4), where a prior action, seasonably brought, should be dismissed for reasons not barring the right of action or determining it upon its merits. Hence in *Milford Quarry &c. Co.* v. *Railroad, supra*, where such a situation was presented, it was said that the "sole test" under section 10 of the right to bring

a new action in a year "is whether the right of action is, or is not, barred by the first judgment." *Id.*, 177.

Since no claim is made that the plaintiff's action was so barred, and since the six-year limitation of section 4 had not run when the pending suit was brought the plaintiff had no occasion to rely upon section 10. His cause not being barred, his suit may be maintained. Only where the cause has become barred by the general limitation does a plaintiff have occasion to rely upon RSA 508:10. In such case, failure to bring the second action within one year of the judgment in the first, will operate to bar the second.

While the point evidently has not heretofore been decided in this jurisdiction, the conclusion reached above is supported by the weight of authority elsewhere; namely, that a provision such as RSA 508:10 is intended to extend, but not to abridge, the period afforded by the general statute of limitations for the bringing of actions. Annot. 83 A.L.R. 478, 486, *s.* V; 54 C.J.S. "Limitations of Actions," *s.* 287(a), *p.* 347; *s.* 287(c) (2), *p.* 350. "The obvious purpose of the section is to enable a plaintiff to bring an action after the general period of limitation has expired. . . ." *Robinson* v. *Merchants & Miners Trans. Co.*, 16 R. I. 637, 638. "Its broad and liberal purpose is not to be frittered away by any narrow construction." *Gaines* v. *New York*, 215 N. Y. 533, 539. "The statute allowing actions to be brought within a year after judgment of nonsuit, was intended to extend the period of limitation, but not to abridge it." *Keener* v. *Goodson*, 89 N. C. 273, 278. While the Trial Court may have relied justifiably upon the statement in *Duncan* v. *Lumbermen's &c. Company*, 91 N. H. 349, 351 which would indicate differently, that statement is dictum and is not followed. Under RSA 508:4 and 10 a second action is permitted if "brought within six years after the [cause] arose *or* within one year after a judgment [of nonsuit] in an action brought within the six years. . . ." (Emphasis supplied). *Milford Quarry &c. Co.* v. *Railroad, supra*, 177.

We hold that the motion to dismiss was erroneously granted, and the order is set aside.

*Exception sustained; remanded.*

All concurred.