Grafton
No. 78-265

DOROTHY E. BRADY

v.

CARLOS T. DURAN AND CAROLYN J. DURAN,
d/b/a PINE SHORES MOTEL AND RESTAURANT

June 20, 1979

*Rinden Professional Association,* of Concord (*Paul A. Rinden* orally), for the plaintiff.

*Hinkley & Donovan,* of Lancaster (*Walter D. Hinkley* orally), for the defendants.

BROCK, J.   We are called upon to determine whether RSA 508:10, the so-called "saving statute," applies to the circumstances of this case. The statute provides:

> If judgment is rendered against the plaintiff in an action brought within the time limited therefor, or upon a writ of error thereon, and the right of action is not barred by the judgment, a new action may be brought thereon in one year after the judgment.

The plaintiff brought an action seeking damages for personal injuries allegedly sustained on August 3, 1969, while she was a guest at the defendants' motel. She had notified the defendants of her claim within two weeks of the incident giving rise to her claim. The plaintiff's writ of summons was dated July 17, 1974. The defendants were properly served and entered an appearance on the September 1974 return day. The plaintiff, through a clerical error, failed to file the writ with the clerk of court or pay the court entry fee. In February 1976, nearly eighteen months after service, the plaintiff moved for late entry under RSA 496:2. The trial court's denial of the plaintiff's motion was affirmed on appeal. *Brady v. Duran,* 117 N.H. 275, 372 A.2d 283 (1977). At that time, we specifically declined to rule on the question presented by this transfer, because it was not then properly before us.

On October 21, 1977, more than eight years after her injury, the plaintiff brought a new writ on the same cause of action, claiming the benefits of RSA 508:10. The defendants filed a plea in abatement and a motion to dismiss on the grounds that RSA 508:10 did not apply. The case was reserved and transferred without ruling by *Johnson, J.*

The defendants argue that RSA 508:10 does not apply to this case because no action was ever "brought within the time limited therefor" and no "judgment" was ever rendered on the original writ.

The saving statute is "designed to insure a diligent suitor the right to a hearing in court until he reaches a judgment on the merits." *Adams v. Sullivan,* 110 N.H. 101, 105, 261 A.2d 273, 276 (1970). " 'Its broad and liberal purpose is not to be frittered away by any narrow construction.' " *Hughes v. Hebert,* 106 N.H. 176, 178, 207 A.2d 432, 433, 13 A.L.R.3d 974, 978 (1965) (citations omitted). *Cf. MBC, Inc. v. Engel,*

119 N.H. 8, 397 A.2d 636 (1979) (corporation may not commence a suit or action more than three years after its dissolution).

The defendants argue first that no action was "brought" because the first writ was never formally entered on the court docket. SUPER. CT. RULE 3, RSA 491:APP. R. 3 (Supp. 1977). We cannot accept defendants' argument. The terms "brought" and "commenced" are virtually interchangeable. 5A WORDS & PHRASES, *Brought* 423–28 (1968). It is well-settled in this jurisdiction that, for purposes of tolling the statute of limitations, "a suit is to be considered as commenced, *or brought,* when the writ is sued out and completed, in order to have it served on the defendant." *Mason v. Cheney,* 47 N.H. 24, 25 (1866) (emphasis added); *see Hoyt v. Nick,* 113 N.H. 478, 480–81, 309 A.2d 917, 919 (1973); *cf.* RSA 524:1-b (interest runs from date of writ).

One of the primary purposes of the statute of limitations "is to provide timely notice to the defendant to enable him to preserve and collect his evidence." W. FERGUSON, THE STATUTES OF LIMITATIONS SAVING STATUTES 80 (1978). Here, the defendants had knowledge of potential litigation shortly after the alleged accident, and were served with a copy of the plaintiff's writ well within the period of limitations. Any prejudice caused by the delay resulting from plaintiff's failure to timely file her writ will presumably fall equally on the two parties. This case is therefore clearly distinguishable from those where the writ in the first action was never served on the defendant. *See, e.g., Peabody v. O'Leary,* 102 N.H. 496, 161 A.2d 167 (1960); *Quarles v. Bickford,* 64 N.H. 425, 13 A. 642 (1887). *See generally* Annot., 6 A.L.R.3d 1043 (1966).

In order for us to accept the defendants' argument, we must ignore entirely the existence of the first writ or consider it as having vanished at some point after the return day on which it should have been entered, despite its subsequent docketing and the argument of the motion for its late entry. The previous action had sufficient substance to command the attention of the parties, the trial court, and this tribunal. We cannot accept the defendants' suggestion that we now treat it as a mirage.

Nor can we accept the defendants' argument that no "judgment" was rendered in the first action. The "judgment" is the judicial act of the court that constitutes the final determination of the rights of the parties. *See* Annot. 79 A.L.R.2d 1270, 1275–76 (1961); 23 WORDS & PHRASES, *Judgment* 323–30, 345 (1967). The statute was designed to protect all suitors who " 'are compelled to abandon their present action, whether by their own act or the act of the court, when

either would leave them a cause of action, yet undetermined.'" *Milford Quarry & Constr. Co. v. Boston & M.R.R.*, 78 N.H. 176, 178, 97 A. 982, 983–84 (1916), *quoting State Bank v. Magness*, 11 Ark. (6 Eng.) 343, 346 (1850).

■ We have previously applied the saving statute where the first action ended in a voluntary nonsuit, *Milford Quarry & Constr. Co. v. Boston & M.R.R. supra*, and where the first action was dismissed for failure to prosecute, *Carveth v. Latham*, 110 N.H. 232, 265 A.2d 1 (1970). The trial court's decision denying the plaintiff's motion for late entry was as much a "judgment" as those two events for purposes of RSA 508:10.

The one-year period in RSA 508:10 runs "from the date of affirmance on appeal of a judgment or decision adverse to the plaintiff." *Adams v. Sullivan*, 110 N.H. 101, 105, 261 A.2d 273, 276 (1970). The trial court's order was affirmed by this court on March 31, 1977. The second action was brought on October 21, 1977, well within the one-year grace period.

■ Because we hold that RSA 508:10 applies, the plaintiff is entitled to litigate her claim on its merits.

*Remanded.*

All concurred.