Carroll
No. 90-107

JOHN BERG AND PATRICIA BERG

v.

WINFIELD O. KELLEY, JR.

May 6, 1991

*Attorney Mark Rufo & Associates P.C.*, of Nashua (*Mark M. Rufo* on the brief and orally), for the plaintiffs.

*Wadleigh, Starr, Peters, Dunn & Chiesa*, of Manchester (*John A. Lassey* on the brief and orally), for the defendant.

BROCK, C.J. The plaintiffs, John and Patricia Berg, appeal from orders of the Superior Court (*Temple*, J.) denying their motion to amend and granting the defendant's two motions to dismiss. We reverse and remand.

The relevant facts are as follows. The defendant, Winfield Kelley, Jr., a chiropractor, treated the plaintiff, John Berg, between June and December, 1986. Beginning in November, the plaintiff experienced adverse symptoms resulting in his hospitalization from December 1986 to February 1987. During his hospitalization, he was diagnosed as having a degenerative disease of the neck. The plaintiffs claim that this condition resulted from the defendant's breach of the standard of care in chiropractic treatment.

In November, 1989, plaintiffs' counsel forwarded a writ of summons to the sheriff's office for service on the defendant. The defendant was served, and his counsel entered a general appearance and filed a special plea and statement of defense with the superior court. Because the plaintiffs' counsel used a district court writ, the superior court clerk's office refused to enter the writ and returned it to the plaintiffs. Counsel for the plaintiffs then prepared and forwarded a second writ of summons on the correct form, which was served on the defendant in January, 1990.

The defendant moved to dismiss the first writ, claiming that it was void for lack of the superior court clerk's signature. The plaintiffs filed a motion to amend, requesting that the superior court writ be substituted for the district court writ. In response to the second writ, the defendant filed a special appearance and a motion to dismiss alleging that the second writ was barred by the three-year statute of limitations. RSA 508:4 (Supp. 1990). In a single order, the Superior Court (*Temple*, J.) denied the plaintiffs' motion to amend filing and granted both of the defendant's motions to dismiss. This appeal followed.

On appeal, the plaintiffs assert: (1) that a jury should determine whether the plaintiff's injury arose out of the professional services rendered by the defendant prior to July 1, 1986, in which case the cause of action would be subject to a six-year statute of limitations, RSA 508:4 (1981) (current version at Supp. 1990); (2) that suit was timely brought under the three-year statute of limitations; (3) that the attachment of the original complaint to the district court writ was a defect in form subject to correction by amendment; (4) that the

three-year statute of limitations was tolled by the defendant's representations, accepting the writ as valid; and (5) that the plaintiffs ought not to be denied the benefit of RSA 508:10, having brought their second suit after the three-year statute of limitations had run.

We decide this case on the basis of the plaintiffs' final assertion that they should be benefited by RSA 508:10. RSA 508:10 provides that "[i]f judgment is rendered against the plaintiff in an action brought within the time limited therefor, or upon a writ of error thereon, and the right of action is not barred by the judgment, a new action may be brought thereon in one year after the judgment." This so-called saving statute is "designed to insure a diligent suitor the right to a hearing in court until he reaches a judgment on the merits." *Brady v. Duran*, 119 N.H. 467, 468, 403 A.2d 416, 417 (1979) (quoting *Adams v. Sullivan*, 110 N.H. 101, 105, 261 A.2d 273, 276 (1970)); *see Rowe v. John Deere*, 130 N.H. 18, 23, 533 A.2d 375, 378 (1987) (citation omitted). The statute benefits suitors who "are compelled to abandon their present action, whether by their own act or the act of the court, when either would leave them with a cause of action, yet undetermined." *Brady v. Duran, supra* at 469–70, 403 A.2d at 418 (quoting *Milford Quarry &c. Co. v. Railroad*, 78 N.H. 176, 178, 97 A. 982, 983–84 (1916), itself quoting *State Bank v. Magness*, 11 Ark. (6 Eng.) 343, 346 (1860)). The liberal purpose of the statute "is not to be frittered away by any narrow construction." *Hughes v. Hebert*, 106 N.H. 176, 178, 207 A.2d 432, 433 (1965) (quoting *Gaines v. City of New York*, 215 N.Y. 533, 539, 109 N.E. 594, 596 (1915)).

■ Essentially, RSA 508:10 serves "to permit an action to be brought after the general limitation ha[s] run (RSA 508:4), where a prior action, seasonably brought, should be dismissed for reasons not barring the right of action or determining it upon its merits." *Hughes v. Hebert, supra* at 177, 207 A.2d at 433. The test of RSA 508:10 "is whether the right of action is, or is not, barred by the first judgment." *Milford Quarry &c. Co. v. Railroad, supra* at 177, 97 A. at 983.

The defendant argues that because the plaintiffs' first writ was void, no cause of action was "brought" within the statute of limitations as required by RSA 508:10. The defendant further contends that the plaintiffs' second action is barred under the doctrine of res judicata, because a dismissal of the first writ as a nullity was analogous to dismissal for failure to state a claim or failure to bring an action within the appropriate statute of limitations, thereby

constituting a judgment on the merits. Consequently, the defendant asserts that the saving statute, RSA 508:10, is inapplicable to this case. We do not accept the defendant's arguments.

■■■ We first address the defendant's argument that the original writ was void and that, therefore, the plaintiffs did not bring suit within the statute of limitations. The record reveals that plaintiffs' counsel prepared the first writ and had it served on the defendant before the third anniversary of the plaintiff's last chiropractic appointment with the defendant. It is well established that "a suit is to be considered as commenced, or brought, when the writ is sued out and completed, in order to have it served on the defendant." *Mason v. Cheney*, 47 N.H. 24, 25 (1866) (citations omitted), *quoted in Brady v. Duran*, 119 N.H. at 469, 403 A.2d at 418; *see Maguire v. Merrimack Mut. Fire Ins. Co.*, 125 N.H. 269, 272, 480 A.2d 112, 113 (1984) (citation omitted); *Hodgdon v. Weeks Mem. Hosp.*, 122 N.H. 424, 426, 445 A.2d 1116, 1117–18 (1982). It is inescapable that the plaintiffs brought their action on a judicially sanctioned writ, although it was later dismissed, well within the three-year statute of limitations.

■■ We next address the defendant's claim that the plaintiffs' second suit was barred by the dismissal of the first action. The plaintiffs mistakenly used a district court writ rather than a superior court writ. Thus, the writ lacked the required signature of the superior court clerk. *See Smith v. Tallman*, 87 N.H. 176, 177, 175 A. 857, 858 (1934); *Parsons v. Sweet*, 32 N.H. 87, 88–89 (1855). This defect of form resulted in the superior court clerk's refusal to accept the case for filing. *See Brady v. Duran*, 117 N.H. 275, 276, 372 A.2d 283, 284 (1977). The clerk's refusal resulted in the trial court's later dismissal of the action and denial of the motion to amend as there was no writ to be amended. Because no writ was on file with the court, its granting of the motion to dismiss the first writ was actually without effect, and its denial of the motion to amend was without error.

■■■ The difficult question is whether RSA 508:10 applies to this case. We have previously applied the saving statute where a plaintiff, through clerical error, failed to file a writ with the clerk of court, and the trial court denied the plaintiff's motion for late entry of the writ. *Brady v. Duran*, 119 N.H. at 468–70, 403 A.2d at 417–18. In our view, the clerk's refusal to accept the defective writ in the case before us is in the nature of a dismissal for lack of jurisdiction, because the superior court did not have a proper writ before it. Such a dismissal does

not constitute a judgment on the merits. *See Restatement (Second) of Judgments* § 20, at 170. Accordingly, we conclude that the plaintiffs' second suit is not barred under the doctrine of res judicata.

RSA 508:10 states that a new action may be brought within one year after the date of judgment. The plaintiffs prepared and served their second writ on the defendant after the superior court clerk's office returned the first writ, but before the trial court granted the defendant's motion to dismiss the first writ. The superior court clerk's action was in essence an adverse "judgment," because his failure to file the writ precluded the plaintiffs' recovery on that first suit.

 The evident purpose of RSA 508:10 is to benefit diligent suitors like the plaintiffs in this case. It would be incongruous to deny the plaintiffs the benefit of RSA 508:10, when in fact they were so diligent as to commence their second suit immediately upon notification by the superior court clerk's office that the first writ was defective. Because we afford the plaintiffs relief under RSA 508:10, we need not address their other claims. Accordingly, we find that the granting of the defendant's motion to dismiss the second writ was in error, and we remand the case for a trial on the merits.

*Reversed and remanded.*

All concurred.