Lois McNEELY,
*Appellant,*

*v.*

WEYERHAEUSER COMPANY,
Oregon Physicians' Service
and Klamath Medical Service Bureau,
*Respondents.*

(88-213 CV; CA A63235)

837 P2d 546

William H. Ferguson, Medford, argued the cause and filed the briefs for appellant.

Larry B. Workman, Medford, argued the cause for respondents. With him on the brief was Frohnmayer, Deatherage, Pratt, Jamieson & Turner, P.C., Medford.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

Durham, J., dissenting.

## RICHARDSON, P. J.

Plaintiff brought this action against defendants for negligence and negligent and intentional misrepresentations concerning medical insurance coverage. The trial court concluded that the action was barred by the two-year Statute of Limitations, ORS 12.110(1),[1] and granted a summary judgment for defendants. Plaintiff appeals, and we affirm.

Plaintiff alleged that, on November 15, 1980, she and her husband, an employee of defendant Weyerhaeuser Company (Weyerhaeuser), dissolved their marriage. The dissolution judgment required the husband to continue medical insurance coverage for her through his employer. Defendant Oregon Physicians' Service and its agent, defendant Klamath Medical Service Bureau (KMSB), provided Weyerhaeuser's group medical plan, which allows the spouse of a covered employee to retain coverage for six months after the dissolution of a marriage. Despite having notice of the dissolution, defendants paid several of plaintiff's claims after the coverage period had expired.

On July 12, 1985, defendants refused to pay the expenses for two knee surgeries that were performed on plaintiff in February, 1985. Plaintiff contends that, before each surgery, she received verbal assurance from Weyerhaeuser or KMSB that she was covered under the group plan.

On January 14, 1986, plaintiff's attorney wrote to Weyerhaeuser's plan trustee and asserted, *inter alia*, that it was estopped to deny coverage. In May, 1986, plaintiff filed an action against defendants and others in state court for breach of contract and claiming an estoppel. Defendants removed the action to federal court, asserting that it arose under the Employee Retirement Income Security Act (ERISA). 29 USC § 1001 *et seq*. On May 10, 1988, the federal court entered a judgment against plaintiff, holding that she did not have standing to sue under ERISA.

---

[1] ORS 12.110(1) provides:

"An action for assault, battery, false imprisonment, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years; provided, that in an action at law based upon fraud or deceit, the limitation shall be deemed to commence only from the discovery of the fraud or deceit."

On July 18, 1988, plaintiff filed this action, contending that she was entitled to coverage on the theories that defendants were negligent and made negligent or intentional misrepresentations concerning her eligibility. Defendants again removed the action to federal court and claimed that ERISA preempted it. The federal court disagreed, holding that plaintiff's negligence and misrepresentation claims arose after she ceased to be an ERISA plan participant or beneficiary, and remanded the action to state court. The circuit court held the action time-barred, because plaintiff's claims had accrued by January, 1986, when plaintiff's attorney had demanded coverage on the basis of estoppel. That predated the filing of the 1988 lawsuit by more than two years.

On appeal, plaintiff argues that the trial court erred because (1) she did not know and could not have discovered that defendant's assurances of coverage were false until the federal court entered a judgment of dismissal in the first action on May 10, 1988, and (2), because she filed this action within one year after the federal court's dismissal, she is entitled to the extension of the Statute of Limitations provided by ORS 12.220.

The court did not err in holding that plaintiff's claims accrued in January, 1986, rather than in May, 1988. The attorney's letter demonstrates that plaintiff and her attorney had knowledge or reason to know that plaintiff had a claim against defendants by the 1986 date. *Duyck v. Tualatin Valley Irrigation Dist.*, 304 Or 151, 742 P2d 1176 (1987).

We turn to plaintiff's second argument.[2] ORS 12.220 provides:

"Except as otherwise provided in ORS 72.7250, if an action is commenced within the time prescribed therefor and the action is dismissed upon the trial thereof, or upon appeal, after the time limited for bringing a new action, the plaintiff, or if the plaintiff dies and any cause of action in the favor of the plaintiff survives, the heirs or personal representatives of the plaintiff, may commence a new action upon such cause of

[2] ORS 12.220 was briefed and argued by the parties on appeal, but defendants argue that we should not address it, because it was not cited to the trial court. We disagree. The record indicates that the court was aware of the underlying federal action and considered whether ORS 12.220 was applicable.

action within one year after the dismissal or reversal on appeal; however, all defenses that would have been available against the action, if brought within the time limited for the bringing of the action, shall be available against the new action when brought under this section."

The purpose of the statute is

"to avoid the bar of the statute of limitations for a diligent plaintiff whose timely action has been dismissed over his objection without a determination on the merits." *Hatley v. Truck Insurance Exchange*, 261 Or 606, 614, 494 P2d 426, 495 P2d 1196 (1972).

*Hatley* construed the term "dismissal" to include

"a dismissal for want of jurisdiction of the cause, whether requiring a determination of issues of law alone or of issues of both law and fact." 261 Or at 615.

■ Defendants argue that ORS 12.220 does not apply here and that, "where plaintiff previously filed an action based upon breach of contract or estoppel, plaintiff's current action based upon negligence and misrepresentation is not saved by ORS 12.220." Although defendants rely in large part on the theory that the second action is barred by *res judicata* arising from the earlier action, that misses the point. Plaintiff's present claims are barred for a more fundamental reason. ORS 12.220 can extend the limitation period only for a "new action upon [a] cause of action" that was previously "commenced within the time prescribed therefor." It does not operate to allow a new "cause of action" to be asserted after the time for bringing it has run simply because the plaintiff brought an earlier action that asserted different claims. The clear purpose of ORS 12.220 is to preserve only pre-existing claims, not to create a one-year grace period for bringing untimely actions on claims that had never been stated before.[3]

■ We conclude that plaintiff's new action is not on the same cause or causes of action as her first one and that it is time-barred.

Affirmed.

---

[3] We are not called on in this case to decide whether the doctrine of relation back has any bearing on the claims that can come within ORS 12.220. *See Evans v. Salem Hospital*, 83 Or App 23, 730 P2d 562 (1986), *rev den* 303 Or 331 (1987).

**DURHAM, J.,** dissenting.

This case turns on the phrase "upon such cause of action" in ORS 12.220:

"Except as otherwise provided in ORS 72.7250, if an action is commenced within the time prescribed therefor and the action is dismissed upon the trial thereof, or upon appeal, after the time limited for bringing a new action, the plaintiff, or if the plaintiff dies and any cause of action in the favor of the plaintiff survives, the heirs or personal representatives of the plaintiff, may commence a new action *upon such cause of action* within one year after the dismissal or reversal on appeal; however, all defenses that would have been available against the action, if brought within the time limited for the bringing of the action, shall be available against the new action when brought under this section." (Emphasis supplied.)

Plaintiff's action is timely if it is an action upon the cause of action that was dismissed by the federal court. To decide that issue, we must first examine her complaints in the two proceedings.

According to plaintiff's first complaint, defendants paid various medical and dental bills for plaintiff and made repeated representations that she had insurance coverage for anticipated elective knee surgery. While she was in the hospital recovering from the first surgery, Oregon Physicians' Service represented that coverage existed for a second elective knee surgery. She relied on these representations, had the surgeries and submitted the bills for payment. Defendants denied coverage and refused to pay. She alleged that defendants breached their fiduciary duty and were estopped to deny coverage, because she had relied on their false representations to her detriment. After removal, the federal court dismissed the action for lack of jurisdiction.[1]

Plaintiff's second action alleges the same facts and states separate claims for negligence and for negligent and intentional misrepresentation. The majority holds that that action is not saved by ORS 12.220, because it states new causes of action, not her previous ones. I disagree.

---

[1] The federal court dismissal did not by itself affect plaintiff's right to refile in state court. *See Beetham v. Georgia-Pacific*, 87 Or App 592, 595 n 2, 743 P2d 755 (1987); *Annot.*, 6 ALR3d 1043 (1966).

We must bear in mind the liberal purpose of ORS 12.220. *Hatley v. Truck Insurance Exchange*, 261 Or 606, 612, 494 P2d 426 (1972), quoted with approval this passage from *Gaines v. City of New York*, 215 NY 533, 539, 109 NE 594 (1915), which expresses the purpose:

> "The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts. When that has been done, a mistaken belief that the court has jurisdiction stands on the same plane as any other mistake of law. Questions of jurisdiction are often obscure and intricate. * * * There is nothing in the reason of the rule that calls for a distinction between the consequences of error in respect of the jurisdiction of the court and the consequences of any other error in respect of a suitor's rights."

Statutes like ORS 12.220 are common in the United States and find their origin in the English Statute of Limitations, enacted in 1623. *See Hughes v. Hebert*, 106 NH 176, 177, 207 A2d 432 (1965). Those remedial statutes are "liberally construed in order that disputes may be decided upon their merits." *Vari v. Food Fair Stores*, 58 Del 145, 148, 205 A2d 529 (Supr Ct 1964).

We should determine what constitutes plaintiff's cause of action under ORS 12.220 by applying the criteria developed in the case law of claim preclusion. ORS 12.220 and claim preclusion law determine the consequences of a litigant's attempt to pursue a cause of action that previously has been adjudicated or dismissed. They have different ultimate effects. Claim preclusion *prevents further litigation* of a finally adjudicated cause of action, including all claims based on the same factual transaction. *See Whitaker v. Bank of Newport*, 313 Or 450, 454, 836 P2d 695 (1992). ORS 12.220 assures the opportunity to *continue to litigate*, to a judgment on the merits, a cause of action that has been dismissed but not finally adjudicated. What is significant for our purpose is not that applications of those rules can have different outcomes, but that they have the identical starting point, *i.e.*, the

determination of whether the new action is pursuing the same "cause of action" that was involved in the previous one.

Under claim preclusion law, a cause of action is a single factual transaction, or a connected series of transactions, sometimes described as an aggregate of operative facts, that constitute a single occasion for judicial relief. *Whitaker v. Bank of Newport, supra,* 313 Or at 455; *Rennie v. Freeway Transport,* 294 Or 319, 323, 656 P2d 919 (1982); *Troutman v. Erlandson,* 287 Or 187, 205, 598 P2d 1211 (1979). In *Whitaker,* the plaintiffs settled a contract action against a developer and his company and then sued the developer, the company and a bank for damages, claiming that they had conspired to force a change in the plaintiffs' contract. The court held that the second action was one of a series of connected transactions that could have been litigated conveniently with the first action and was, therefore, barred by claim preclusion. The court rejected the plaintiffs' contention that they should be permitted to pursue contract and tort theories in separate actions:

> "That distinction, discussed earlier, is significant but not necessarily decisive. The same factual transaction or series of connected transactions can justify relief on different legal theories. *See Troutman v. Erlandson, supra,* 287 Or at 207 ('the fact that different measures of liability or different kinds of relief might have been available, had a different sort of proceeding been instituted, does not keep the doctrine of [claim preclusion] from being applicable')." 313 Or at 460.

*Whitaker's* rationale is instructive here for two reasons. First, it makes clear that plaintiff is pursuing the same cause of action that was dismissed by the federal court. She alleges defendants' false assurances of coverage, her justifiable reliance and her damage in similar terms in each complaint. *Whitaker* compels the conclusion that plaintiff is litigating the same factual transaction in each case.

Second, *Whitaker* required plaintiff to join all claims against defendants when she seeks relief for their alleged misrepresentations. Had plaintiff failed to include her negligence and misrepresentation theories in her complaint, a final adjudication of the transaction would bar them. They were not barred here, because the federal court dismissal was not a final adjudication.

ORCP 16C permits a party to bring "as many separate claims or defenses as the party has, regardless of consistency and whether based upon legal or equitable grounds or upon both." However, a plaintiff's ability to plead different claims in a refiled action is not unlimited. For example, assume that a plaintiff filed a breach of contract action five years after the claim arose and that it was dismissed without prejudice. If the plaintiff refiled it as a tort action, it would be vulnerable to a defense that the first action was not filed within the two-year limitation for tort claims, ORS 12.110(1), even though it was within the limitation for contract actions. ORS 12.080.

Plaintiff's first action was filed, in the words of ORS 12.220, "within the time prescribed" for her original claims as well as for those in her refiled action. Because she timely refiled after the federal court dismissal and her refiled claims are based on the same cause of action identified in her first action, ORS 12.220 renders the refiled action timely.

The Fifth Circuit reached a similar result in *Griffen v. Big Spring Indep. School Dist.*, 706 F2d 645 (5th Cir), *cert den* 464 US 1008 (1983). The Texas "wrong court savings statute" provided that, if an action was dismissed for lack of trial court jurisdiction, "such action" could be commenced in a court of proper jurisdiction within 60 days, and the Statute of Limitations would be tolled.[2] The plaintiff had filed a claim in state court, styled as an action for review of a state administrative action, alleging that he had been fired because of his race. The trial court dismissed it on jurisdictional grounds. One week later, he filed a complaint in federal court under 42 USC §§ 1981, 1983 and 1985, alleging race discrimination. The court rejected the employer's argument that the federal civil rights claim was not, for purposes of the tolling statute, the "same action" as the earlier state court action:

---

[2] Tex Rev Civ Stat Ann Art 5539a (Vernon 1958) provided:

"When an action shall be dismissed in any way * * * because of a want of jurisdiction of the Trial Court * * * and within sixty (60) days after such dismissal or other disposition becomes final, such action shall be commenced in a Court of Proper Jurisdiction, the period between the date of first filing and that of commencement in the second court shall not be counted as a part of the period of limitation unless * * * the first filing [was] in intentional disregard of jurisdiction."

"The essence of both actions was that Griffen claimed he had been dismissed for racially discriminating motives in violation of his right to be free from racial discrimination. * * * In both state and federal courts the relief Griffen requested was reinstatement and back pay. The substance of the two actions is certainly the same. The sole difference between them — one involved review of the claim by a state administrative agency and one involved review of the claim under federal civil rights statutes — is nothing more than a difference in form. *The underlying cause of action is the same.* We will not adopt [employer] Big Spring's reading of a remedial statute intended to be liberally construed when the result would be to elevate form over substance." 706 F2d at 652. (Emphasis supplied.)

In *Griffen*, the court followed the holding in *Republic National Bank v. Rogers*, 575 SW2d 643 (Tex Civ App 1978), that a second action to try title to real property in state court was the "same action," for purposes of the tolling statute, as a claim previously filed and dismissed in federal court seeking money damages for trespass and injunctive relief. The defendant argued that only the identical claims could be refiled, but the court said:

"We reject that argument. Under the statute, the case before us is a continuation of the suit originally filed in Federal Court. The 'action' brought forward was the one pleaded there, and any permissible amendments to it under Article 5539b. As we have previously stated, the pleadings in Federal Court contained all allegations necessary to try title to the property simply by tacking on a prayer for that relief." 575 SW2d at 647.

In *Technical Consultant Services v. Lakewood Pipe*, 861 F2d 1357 (5th Cir 1988), the Texas wrong court savings statute was held to save a Texas action for breach of contract and tort damages that previously had been filed in two Florida courts that lacked jurisdiction, first as a breach of contract action and later as an action for breach of contract and tort damages. The court followed *Griffen*:

"The court in *Griffen* stressed that its result violated no policies underlying the statute of limitations — such as avoiding prejudice from lost evidence and faded memories — because Griffen's opponent had ample notice that Griffen intended to pursue his claim. 'Given the extremely high probability that the plaintiff will refile in a proper court

\* \* \* the defendant has no one but himself to blame if evidence is lost, memories fade, and witnesses disappear.' *Id.* at 650, (quoting *Long Island Trust Co. v. Dicker*, 659 F2d 641, 647 (5th Cir 1981))." 861 F2d at 1360.

None of the policies of the Statute of Limitation would be offended here, because defendants have been on notice since plaintiff filed her first action that she intended to seek a remedy for telling her that she had coverage and then, after her surgeries, refusing to pay the bills.[3] If we liberally construe ORS 12.220 to achieve its remedial purpose, we must conclude that plaintiff timely refiled the cause of action pleaded in her first action. The majority's refusal to do that unfairly elevates form over substance.

I dissent.

---

[3] The relation back doctrine, mentioned by the majority, 115 Or App at 188 n 3, determines whether an amended pleading is deemed to have been filed as of the date of a superseded pleading. *Evans v. Salem Hospital*, 83 Or App 23, 31, 730 P2d 562 (1986), *rev den* 303 Or 331 (1987), says:

"[A] new claim cannot relate back to an earlier pleading unless there is at least enough of a nexus between the claims for the defendant to have been able to have discerned from the first that the existence of the second was a possibility."

Even if it were necessary to apply the relation back doctrine here, it is satisfied because plaintiff's second complaint states claims that defendants could have predicted from her first action.