USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-1649 ALFRED F. COTE, Plaintiff, Appellant, v. WAYNE E. VETTER, ET AL., Defendants, Appellees. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW HAMPSHIRE [Hon. Steven J. McAuliffe, U.S. District Judge] ___________________ ____________________ Before Cyr, Boudin and Stahl, Circuit Judges. ______________ ____________________ Alfred F. Cote on brief pro se. ______________ Mark S. Gearreald and Engel, Gearreald & Gardner, P.A. on brief __________________ _________________________________ for appellees. ____________________ July 8, 1994 ____________________ Per Curiam. In 1993, Alfred F. Cote, a New __________ Hampshire inmate, filed this action under 42 U.S.C. 1983 claiming that Vetter, a county sheriff, and two deputy sheriffs, Janvrine and Powers, had manifested unconstitutional conduct when they executed Cote's extradition to Illinois on July 22, 1987. The district court dismissed the suit as untimely. We affirm. The parties do not dispute that New Hampshire law applies to this case. Although Cote has attempted to invoke other statutory limitations periods, New Hampshire's three- year personal injury statute of limitations, N.H. Rev. Stat. Ann. (RSA) 508:4, governs this 1983 action. Wilson v. ______ Garcia, 471 U.S. 261, 276-80 (1985) (state law limitation ______ period, tolling and revival provisions apply). As Cote's claim arose out of the events surrounding his extradition from New Hampshire to Illinois on July 22, 1987, the limitations period under RSA 508:4 expired on July 22, 1991. Thus, this action, filed on January 26, 1993 in the New Hampshire federal district court, is barred unless Cote can take advantage of New Hampshire's saving statute, RSA 508:10. The statute, entitled "Second Suit", provides: If judgment is rendered against the plaintiff in an action brought within the time limited therefor, or upon a writ of error thereon, and the right of action is not barred by the judgment, a new action may be brought thereon in one year -2- after the judgment. While the statute is "designed to insure a diligent suitor the right to a hearing in court until he reaches a judgment on the merits," Adams v. Sullivan, 110 N.H. 101, 105, 261 _____ ________ A.2d 273, 276 (1970), "[o]nly where the cause has become barred by the general limitation [RSA 510:4] does a plaintiff have occasion to rely upon RSA 508:10." Hughes v. Hebert, ______ ______ 106 N.H. 176, 178, 207 A.2d 432, 433 (1965). Thus, when a timely action is later dismissed "for reasons not barring the right of action or determining it on its merits," id., a new ___ action, arising out of the same transaction or occurrence, may be brought within a year of the judgment, providing the general limitation period will or has run. According to Cote, this complaint was first filed against these defendants, and others, in federal district court in the Northern District of Illinois on June 1, 1988. On February 8, 1989, the court granted defendants' motion to dismiss concluding, inter alia, that it lacked personal _____ ____ jurisdiction over Vetter, Powers and Janvrine because they had not performed any acts in Illinois. Cote v. Kontos, et ____ __________ al., No. 88-C-4751, Memorandum Opinion and Order (N.D. Ill. ___ Feb. 7, 1989). Cote's appeal from that judgment was voluntarily dismissed under Fed. R. App. P. 42(b) on August 21, 1990. Clearly, when judgment entered in the Illinois -3- federal district court on February 7, 1989, the three-year limitation period had not yet expired, precluding operation of the saving statute. Even if we were to consider the date of the voluntary dismissal of the appeal, August 21, 1990, as the operative "judgment" under RSA 508:10, Cote would have only derived an additional year to revive his suit, that is, until August 21, 1991.1 Thus, under either scenario, Cote's action is untimely and was properly dismissed. Cote attempts to avoid this result by pointing to a third and intervening 1983 action which he filed in the New Hampshire district court in April 1990, within the three-year limitation period. Cote v. Rockingham County, et al., No. ____ __________________________ 90-CV-152. Vetter, Powers, and Janvrine were not originally named defendants in that action. Cote was allowed to file an amended complaint naming them. However, on September 2, 1992, that amended complaint was dismissed by a magistrate- judge and the case proceeded against the original defendants. Cote has represented in this complaint, and argues here, that, in recommending dismissal of the amended complaint in No. 90-CV-152, the district court had "ordered" Cote to remove and refile a separate complaint against the defendants. However, no such "order" ever issued. The ____________________ 1. The defendants-appellees argue that the dismissal in Illinois for lack of personal jurisdiction would not, as a matter of law, implicate RSA 508:10. However, we see no need to reach that issue. -4- district court's November 4, 1992 clarification of its September 2, 1992 recommendation states in part: The relevant issues in this case do not include, and will not include, any issues that have been finally determined during proceedings in the United States District Court for the Northern District of Illinois. Plaintiff is free to file any other actions in this court as he wishes; however, each will be separately screened and each will be dealt with without reference to the others. The court cannot estimate the time it will take to deal with newly-filed actions. Such a determination will depend on many intervening factors. Judgment entered on May 16, 1994, and while Cote may appeal the dismissal of these defendants in that case, the time for ____ suing them in this complaint had clearly expired on January ____ 26, 1993. We have no occasion to decide whether RSA 508:10 or any other tolling provision would apply to stop the clock and defeat a potential statute of limitations defense in Cote's intervening action. We have considered appellant's remaining arguments and find them without merit. Affirmed. ________ -5-