[NOT FOR PUBLICATION NOT TO BE CITED AS PRECEDENT]
United States Court of Appeals
For the First Circuit

No. 98-1795

DAVID T. VEALE,

Plaintiff, Appellant,

v.

KEENE PUBLISHING CORPORATION,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW HAMPSHIRE

[Hon. Shane Devine, Senior U.S. District Judge]

Before

Stahl, Circuit Judge,
Campbell, Senior Circuit Judge,
and Lynch, Circuit Judge.

David T. Veale on brief pro se.

May 11, 1999

Per Curiam. We affirm the judgment of the district
court for essentially the reasons stated in the Report and
Recommendation of the magistrate judge and in the Order of the
district judge. We add only the following comments regarding
appellant's attempt to set out a claim under 42 U.S.C. 1983.
Appellant does not dispute that, to be timely, he was
required to have filed his complaint by March 2, 1998. See
N.H. Rev. Stat. Ann. 508:4. Thus, unless the limitations
period was tolled, the March 11, 1998 complaint was late. 
Arguably, 508:10 may provide tolling in the instant
situation. However, the tolling rule set out in 508:10 only
applies to the defendants named in the first action. Rowe v.
Deere, 533 A.2d 375, 378 (N.H. 1987). The only defendant named
in the first action was the Keene Publishing Corp.
As a result, the 1983 claim raised in the instant
case is timely only as to the publishing company; the complaint
is not timely as to the public entities appellant listed as
defendants in his amended complaint. The question then becomes
whether appellant can file the second action with a new claim
against Keene Publishing Corp. i.e., a 1983 claim based on
a conspiracy between public officials and the publishing
company. However, as well as limiting 508:10 to the same
parties, the New Hampshire Supreme Court appears to have
limited the section to the same cause. See Milford Quarry &
Construction Co. v. Boston & M. R.R., 151 A. 336, 338 (N.H.
1930); Milford Q. & C. Co. v. Boston & M. R.R., 97 A. 982, 983

-2-
(N.H. 1916). Arguably, then, appellant could not add the 
1983 claim to the original action for libel.
In any event, appellant has not alleged enough to
state a 1983 conspiracy between the police and the publishing
company. "[T]he acts of a private party are fairly
attributable to the state. . . [only] when the private party
acted in concert with state actors." Rendell-Baker v. Kohn,
457 U.S. 830, 838 n.6 (1982). Because appellant's allegation
of conspiracy is completely "bald and conclusory," as well as
lacking "sufficient factual detail," it is not enough to make
the publishing company a state actor for purposes of 1983. 
See Malachowski v. City of Keene, 787 F.2d 704, 711 (1st Cir.
1986) (per curiam).
Second, even if the conspiracy allegations were
deemed sufficient at the pleading stage, it is plain that
appellant could not set out a cause of action for libel under
1983. Such a claim requires that a plaintiff show "stigma
plus." See Pendleton v. City of Haverhill, 156 F.3d 57, 62-63
(1st Cir. 1998). That is, "a violation of constitutional
proportions under a 'stigma plus' theory exists only if, and to
the extent that, the opportunities [a plaintiff] lost are
government benefits denied as a result of governmental action." 
Id. at 63. Appellant was in business for himself as a
landscaper and logger so cannot allege that he lost a
government job as a result of the alleged defamatory statement. 
The other injury about which appellant complains harm to his
personal and business reputation does not involve government
benefits.
Affirmed.