Aug. 10, 1876. } VARRELL *v.* VARRELL.

*Probate appeal—Notice.*

When an appeal is claimed by one of the heirs from the decision of the commissioner, the creditor whose claim is appealed from is not required to enter the appeal nor file a declaration, unless notice of the appeal is given him as provided in Gen. Stats., ch. 181, sec. 5, or unless he or his agent or attorney was present in probate court to take notice of the appeal.

FROM BELKNAP CIRCUIT COURT.

APPEAL, from the report of the commissioner of insolvency upon the estate of Eunice Varrell, deceased, allowing the claim of said Eunice B. Varrell against said estate. Said Elbridge G. Varrell appealed from said allowance, as son and heir of said deceased, and said appeal was duly filed in the probate office at the June term of the probate court for said county. The probate court ordered that a certified copy of the petition and declaration, and the order thereon, be given to John H. Brewster, administrator of the estate of said Eunice Varrell, fourteen days before the next term of the circuit court for said county. Notice was served upon said Brewster fourteen days before the next term of the circuit court. No notice was ever served upon said Eunice B. Farrell, and no declaration was ever filed by her of her claim against said estate, nor a copy of said declaration served upon said administrator.

Upon the calling of the docket at the September term of the circuit court, there appeared the entry *Elbridge G. Varrell* v. *Eunice B. Varrell.* Jewell & Smith, who were counsel for said Eunice B. Varrell in all matters generally, entered an appearance and marked the case for the jury. Upon an examination of the papers on file, and learning the nature of the case, counsel called the attention of the court to it, and added the word " specially " to their appearance upon the docket, had the marking for the jury stricken off, and moved that the case be dismissed. The motion to dismiss was overruled, and the defendant excepted.

The certified copies of said appeal, order of notice, and bond may be referred to as a part of this case.

The questions arising upon the foregoing case were transferred to this court for determination by RAND, J., C. C.

*L. Gale,* for the plaintiff.

*Jewell & Smith,* for the defendant.

Smith, J. Elbridge G. Varrell, one of the heirs of the intestate, undertook to appeal from the allowance by the commissioner of the claim of Eunice B. Varrell against said estate. This he might do by filing his petition to the judge in the probate office within thirty days after the acceptance of the report, first filing a bond in the probate office, to the satisfaction of the judge, conditioned to indemnify the estate from any cost or damage that might accrue in the prosecution of his appeal. By a further provision of the statute, if the creditor or his agent or attorney is not present to take notice of the appeal, the judge shall order notice thereof to be given to the creditor. The creditor, upon being notified of the appeal, is required to file his declaration within thirty days thereafter, and serve a copy thereof upon the administrator, and enter his action at the next trial term of the supreme court (now circuit court), and produce attested copies of the petition, declaration, order of notice, and evidence of compliance with such order. Gen. Stats., ch. 181, secs. 1–5.

By the case sent up, it appears that when the appellant took an appeal by filing his petition in the probate court, notice thereof was ordered to be given to the administrator fourteen days before the next term of the circuit court. Whether that was necessary it is not material to inquire. But the statute does require that notice of the appeal should be given to the creditor, unless she or her agent or attorney was present to take notice thereof. If she or her agent or attorney was present, the records of the probate court would or should show it. Unless that fact is made to appear from the copies sent up, or unless the fact is admitted, there is nothing from which we can assume that the fact was so. Unless, then, notice of the appeal was given to the creditor, how would she know that an appeal from the allowance of her claim had been taken? It is entirely clear that she cannot be required to file her declaration, nor enter her action in the circuit court, in the absence of any notice that the allowance of her claim had been appealed from. It would be contrary to every idea of justice to visit upon the creditor the penalty of having his claim forever barred for neglect to file his declaration and enter his action, where no steps had been taken to notify him that an appeal had been claimed. Our laws are not open to any such reproach.

At the term of the circuit court, when the creditor should have entered her action provided she had had due notice of the appeal, counsel, who had a general retainer from her, discovering upon the docket the entry purporting to be of an action in favor of *Elbridge G. Varrell* v. *Eunice B. Varrell*, entered their names upon the docket for her, to protect her rights. But there can be no pretence that such appearance is a waiver of notice by her of the appeal, or would give the court jurisdiction of her in the matter of the appeal. The heir has undertaken to enter the action in the circuit court, but has wholly failed. There is no cause of action in his favor against her, or in her favor against him, growing out of or in any way connected with her claim against the estate of the deceased. The appellant is permitted to defend against a

claim from which he appeals, first filing a bond to indemnify the estate against loss or damage ; but he must defend in the name of the administrator, and not in his own name. The proper entry would be in the name of the creditor, as plaintiff against the administrator as defendant.

For the reason, then, that no notice of the appeal was served upon the creditor, and because neither she nor her agents or attorneys had any notice of the appeal, the motion to dismiss should be granted. There is in fact no action whatever in the circuit court between these parties, and no pretence that either has any cause of action against the other.

CUSHING, C. J., and LADD, J., concurred.

*Exceptions sustained.*