SIMPSON, *Ap'ee, v.* GAFNEY, *Ex'r, Ap't.*

66　477
69　606

An executor who has appealed from the allowance of a claim against the estate by a commissioner of insolvency may dismiss his appeal at any time before trial.

APPEAL, by the defendant, Gafney, from the decision of the commissioner on the estate of the testatrix who allowed to the plaintiff, Simpson, $1,000. At the February term, 1890, the jury returned a verdict for the plaintiff for $2,500. At the law term in June, 1890, the verdict was set aside—*ante, p.* 261. At the February term, 1891, the defendant, Gafney, moved that his appeal be dismissed. The motion was granted, and the plaintiff excepted.

*W. S.* and *D. R. Pierce,* for the plaintiff.

*Worcester & Gafney* and *John Kivel,* for the defendant.

ALLEN, J. The plaintiff may become nonsuit at any time before trial. *Webster* v. *Bridgewater,* 63 N. H. 296; *Farr* v. *Cate,* 58 N. H. 367; *Fulford* v. *Converse,* 54 N. H. 543; *Wright* v. *Bartlett,* 45 N. H. 289; *Judge of Probate* v. *Abbot,* 13 N. H. 21. The executor having taken the appeal might abandon it by neglecting to give notice to the creditor. G. L., *c.* 200, *s.* 3; *Varrell* v. *Varrell,* 57 N. H. 208. The obligation of the creditor to enter and prosecute his claim to judgment (G. L., *c.* 200, *ss.* 5, 7) is avoided by the abandonment of the appeal by the party taking the same. The appellant, for the purpose of maintaining his appeal, is in the same position as the plaintiff in a civil suit, and may abandon the same at any time before a trial is entered upon. *Doughty* v. *Little,* 61 N. H. 365. That there had been a trial and a verdict which had been set aside is immaterial, because, after a verdict rendered and set aside, the same rules and remedy apply as if the cause had never been tried. *Wright* v. *Bartlett, supra.* The appeal being dismissed upon motion of the appellant, that is, abandoned by him, the allowance by the commissioner and the decree of the probate court accepting his report are unaffected, and stand as if no appeal had been taken. G. L., *c.* 207, *s.* 12.

*Exception overruled.*

CARPENTER, J., did not sit: the others concurred.