Cheshire
No. 84-520

OPTRX LABORATORIES, INC.

v.

PAUL T. CAVANAUGH, O.D.

March 18, 1985

*Rinden P.A.*, of Concord (*Richard Y. Uchida* on the brief, and *Paul A. Rinden* orally), for the plaintiff.

*Arthur Olson P.A.*, of Keene (*Edward J. Burke* on the brief and orally), for the defendant.

### MEMORANDUM OPINION

The plaintiff in this collection case appeals an order of default entered by the Superior Court (*Gray*, J.). We reverse.

The plaintiff had filed requests under Superior Court Rule 54 for admissions, including an admission of the indebtedness claimed. After the defendant had failed to respond within 30 days, the superior court entered an order that the defendant be deemed to have admitted the indebtedness. Before any further proceedings had taken place, the clerk of court issued a scheduling order requiring the parties to file a pretrial stipulation or to appear at a preliminary pretrial scheduling conference. The order provided that on failure both to enter the stipulation and to appear at the conference "conditional default will be entered."

The parties filed no stipulation, and the plaintiff mistakenly failed to appear at the conference. Instead of entering an order of conditional default in accordance with the scheduling order, however, the court entered an absolute default against the plaintiff. The plaintiff moved to strike the default, which the court refused to do, after finding that the default had not resulted from accident, mistake or misfortune.

■■ The court's scheduling order warned the parties only that their failure both to stipulate and to appear at the conference would result in conditional default. Customary practice in the courts of this jurisdiction makes it clear that an order of conditional default is an order that an absolute default will be entered unless the defaulted party fulfills the terms of a stated condition by a stated date. *See* SUPER. CT. R. 36; *American Bd. of Trade, Inc. v. Dun & Bradstreet, Inc.*, 122 N.H. 344, 346, 444 A.2d 550, 551 (1982); *see also* R. WIEBUSCH, 5 NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 1093 (1984) (technical default imposes additional procedural obligations but does not by itself cut off a party's right to present his case). Since the scheduling order did not warn the parties that an absolute default would be entered for failure to stipulate and appear, it was error for the court to enter an absolute default for that reason.

The defendant argues that the court's initial error was cured by the plaintiff's opportunity to argue that the default should be vacated. This argument is beside the point, however. The plaintiff was not obligated to carry the burden of persuading the court to

vacate an order that should never have been entered in the first place.

We remand the case for entry of an order striking the default.

*Reversed.*