Merrimack
No. 91-590

ROBERT FOSTER, SR.

v.

GARY C. BEDELL & a.

March 11, 1993

*Robert E. Foster, Sr.*, by brief and orally, *pro se.*

*Tardif, Shapiro & Cassidy*, of Concord (*James M. Cassidy* on the brief and orally), for the defendants.

BROCK, C.J. The plaintiff appeals an order of the Superior Court (*Hampsey*, J.) dismissing this action on grounds of res judicata. He contends that dismissal of his first suit for failure to file a pretrial statement was not a judgment on the merits, and therefore, pursuant to RSA 508:10, he may bring a new action. We affirm.

In October 1988, the plaintiff and his wife (the Fosters) sued the defendants in trespass and conversion, alleging that the defendants had placed mobile homes on the Fosters' land and had collected rents therefrom without their permission. On November 28, 1990, the trial court ordered pretrial statements to be completed and returned by March 4, 1991, or the noncomplying party would be "defaulted/non-suited." On March 8, the Trial Court (*Manias*, J.) nonsuited the Fosters for failure to file a pretrial statement.

The Fosters moved for reconsideration, stating that their failure to file a pretrial statement was due to accident, mistake or misfortune, not neglect. Following a hearing, the Trial Court (*Dickson*, J.) denied the motion. The Fosters did not appeal this decision.

On August 6, 1991, the Fosters' second motion for reconsideration and request to strike nonsuit was denied. Because the appeal period from the denial of the first motion for reconsideration had run, the court ordered the case closed. The Fosters did not appeal but instead, by writ returnable in October 1991, initiated a second action against the defendants, alleging theft of real property. The defendants' motion to dismiss on grounds of res judicata was granted after a hearing. The Fosters' motion for reconsideration was denied. Robert Foster, Sr. then brought this appeal.

The plaintiff argues that under RSA 508:10, a second action is permitted after a judgment of nonsuit. RSA 508:10, the so-called "saving statute," provides: "If judgment is rendered against the plaintiff in an action brought within the time limited therefor, or upon a writ of error thereon, and the right of action is not barred by the judgment, a new action may be brought thereon in one year after the judgment." Thus, the sole issue on appeal is whether a nonsuit for failure to file a pretrial statement is a judgment on the merits, thereby barring by res judicata a second suit alleging the same cause of action.

In *Barton v. Barton*, 125 N.H. 433, 435, 480 A.2d 199, 200 (1984), this court held that a default judgment entered against the plaintiff for failure to comply with the superior court discovery rules constitutes a judgment on the merits and, thus, a second suit alleging the same cause of action is barred by the doctrine of res judicata. As we pointed out, "a default, by definition, is a failure to take a step required by the rules of procedure." *Id.* Despite the application of differing terminology, we see no logical reason why, under circumstances present here, an involuntary nonsuit for failure to obey a court order should be treated differently than a default for failure to obey a court order. *See* RESTATEMENT (SECOND) OF JUDGMENTS § 19 (1980) (judgment for defendant based on failure of plaintiff to obey an order of the court bars another action on the same claim).

■ A hearing was held in the Fosters' first lawsuit expressly for the purpose of determining whether their failure to file a pretrial statement was the result of accident, mistake or misfortune. Because the record on appeal does not contain a transcript of that hearing, we must assume that the trial court found the Fosters' actions to be the result of neglect. In addition, at the hearing on the defendants' motion to dismiss, the Fosters agreed that the only issue was whether the nonsuit was with or without prejudice. The trial court indicated that it would carefully review the file and emphasized that it would grant the motion to dismiss if there were no indication in the file that any of the orders in the previous lawsuit could be construed as being without prejudice. While our review of the record does not contradict this conclusion, an express indication in the first suit that it was dismissed with prejudice would have prevented much of the confusion in this case. A voluntary nonsuit, if allowed by the court, is not a bar to a second action. *See Milford Quarry v. Railroad*, 78 N.H. 176, 177, 97 A. 982, 983 (1916); RESTATEMENT (SECOND) OF JUDGMENTS § 20 (1980) (judgment for defendant not a bar to a second action when plaintiff agrees to or elects nonsuit without prejudice or court directs case dismissed without prejudice).

■ We hold that the Fosters' failure to comply with the court's order on the filing of pretrial statements and the resulting dismissal was a judgment on the merits precluding them from availing themselves of the saving statute. The trial court did not err in dismissing the second suit, which the plaintiff concedes is identical to the first, on grounds of res judicata.

*Affirmed.*

THAYER, J. did not sit; the others concurred.