Rockingham
No. 95-743

TOWN OF PLAISTOW

v.

JAMES AND KAREN RIDDLE D/B/A TIMBERLANE AUTO

August 15, 1996

*Sumner F. Kalman, Attorney at Law, P.C.*, of Plaistow (*Sumner F. Kalman* on the brief and orally), for the plaintiff.

*McNeill & Taylor, P.A.*, of Dover (*Lynne M. Dennis* and *Malcolm R. McNeill, Jr.* on the brief, and *Mr. McNeill* orally), for the defendants.

BROCK, C.J. The Town of Plaistow Zoning Board of Adjustment (ZBA) ruled against the defendants, James and Karen Riddle d/b/a Timberlane Auto, after the defendants sought to remove certain restrictions from an occupancy permit. The defendants took a voluntary nonsuit after filing an appeal under RSA 677:4 (1986). In related but separate proceedings, the Superior Court (*Goode*, J.) ruled that the effect of the voluntary nonsuit after appeal was for the judgment to become effective as if no appeal had been taken, requiring the granting of a motion *in limine* that sought to exclude reference to claims made during the ZBA appeal. This interlocutory appeal from ruling followed. *See* SUP. CT. R. 8. We reverse and remand.

We derive the underlying facts from the interlocutory appeal statement. The defendants operate an automotive shop in the town of Plaistow (town), at which they conduct general automotive repairs and sales in addition to some "body work." They operate pursuant to an occupancy permit that limits their use in this way: "no major body work or spraying to be conducted on the premises." In 1989, the town brought an action to enforce the occupancy permit limitation and the town's zoning ordinance (the enforcement action). The defendants responded by claiming that their use of the property was a preexisting nonconforming use and thus did not constitute a zoning violation.

During the pendency of the enforcement action, the defendants formally requested the town's code enforcement officer to remove the limitation from their occupancy permit. The defendants appealed the code enforcement officer's denial of this request to the ZBA. After the ZBA also denied their request, they timely appealed in 1991 to the superior court under RSA 677:4 (the ZBA appeal).

In 1994, while both the ZBA appeal and the enforcement action were pending, the defendants obtained a voluntary nonsuit in the ZBA appeal. The town subsequently filed a motion *in limine* in the zoning enforcement action seeking to exclude evidence that the defendants' use of the property was a preexisting nonconforming use under the local zoning ordinance. The defendants objected and, two days later, sought to revive the ZBA appeal pursuant to RSA 508:10 (1983).

The trial court granted the town's *in limine* motion, concluding, without reference to the revival action, that the effect of the voluntary nonsuit was to let the judgment of the ZBA "stand as if no

appeal had been taken." In a separate order, the court ruled that the doctrine of res judicata prevented revival of the ZBA appeal under RSA 508:10, distinguishing our decision in *Doggett v. Town of North Hampton*, 138 N.H. 744, 645 A.2d 673 (1994). The defendants appealed, arguing that the trial court erred in granting the town's *in limine* motion and in denying their attempt to revive the ZBA appeal under RSA 508:10. The trial court transferred these issues for our interlocutory review.

The resolution of both issues depends on whether the judgment resulting from the defendants' voluntary nonsuit in their ZBA appeal constituted a final judgment on the merits. We analyze this issue first with reference to RSA 508:10.

RSA 508:10 provides: "If judgment is rendered against the plaintiff in an action brought within the time limited therefor, or upon a writ of error thereon, and the right of action is not barred by the judgment, a new action may be brought thereon in one year after the judgment." RSA 508:10 would serve, in the instant case, to allow the defendants to revive their ZBA appeal after the voluntary nonsuit dismissal and after the limitations period has run, so long as "the right of action . . . is not . . . barred by the first judgment." *Milford Quarry &c. Co. v. Railroad*, 78 N.H. 176, 177, 97 A. 982, 983 (1916); *see Berg v. Kelley*, 134 N.H. 255, 257, 590 A.2d 621, 622 (1991).

In general, a voluntary nonsuit "arises from the plaintiff's choice and has no conclusive effect on the merits of the underlying action." 5 R. WIEBUSCH, NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE § 1062 (1984); *see Foster v. Bedell*, 136 N.H. 728, 730, 621 A.2d 936, 937, *cert. denied*, 510 U.S. 844 (1993). Because "a former judgment is not conclusive upon a matter in issue unless the judgment was on the merits," *Barton v. Barton*, 125 N.H. 433, 434, 480 A.2d 199, 200 (1984) (quotation omitted), "[a] voluntary nonsuit, if allowed by the court, is not a bar to a second action," *Foster*, 136 N.H. at 730, 621 A.2d at 937; *see Milford Quarry*, 78 N.H. at 177, 97 A. at 983.

■ We initially reject the trial court's reliance on *Appeal of Nolan*, 134 N.H. 723, 599 A.2d 112 (1991), in concluding that the defendants' voluntary nonsuit was preclusive on the merits of the ZBA appeal. The trial court correctly stated the well-settled rule of law that "[t]he effect of a nonsuit taken after an appeal is to let the judgment of the court below 'stand as if no appeal had been taken.'" *Id.* at 730, 599 A.2d at 117 (quoting *Simpson v. Gafney*, 66 N.H. 477, 477, 30 A. 1120, 1120 (1891)). An "appeal," as that word was used in *Nolan*, refers to an appeal of a judgment to the supreme court, not

an administrative appeal pursuant to a statute such as RSA 677:4. *See Nolan*, 134 N.H. at 729–30, 599 A.2d at 116–17 (in administrative context, discussing rules applicable to "civil voluntary nonsuit"); *Simpson*, 66 N.H. at 477, 30 A. at 1121 (finding effect of voluntary nonsuit after supreme court appeal of probate court decree to be for decree to "stand as if no appeal had been taken"). This point is borne out by *Doggett*, in which we held RSA 508:10 available to a plaintiff whose ZBA appeal was dismissed *after more than four* years on the superior court docket. *Doggett*, 138 N.H. at 745–46, 645 A.2d at 675. We concluded that a ZBA "appeal" under RSA 677:4 was an "action" under RSA 508:10, and thus could be revived by RSA 508:10. *See Doggett*, 138 N.H. at 746–47, 645 A.2d at 675. RSA 508:10 applies to ZBA appeals brought pursuant to RSA 677:4, such as the instant case. *Doggett*, 138 N.H. at 746–47, 645 A.2d at 675.

■ Aside from the *Nolan* question, the trial court concluded that our decision in *Doggett* did not control the instant case, stating that "[t]he distinguishing difference between *Doggett* and the case at hand is the matter of the voluntary non-suit which plaintiffs requested and received in [the ZBA appeal]." In *Doggett*, we concluded that RSA 508:10 applied to allow revival of a ZBA appeal after the plaintiff's appeal in superior court had been dismissed for lack of prosecution "after almost five years had elapsed with no action on the case docket." *Doggett*, 138 N.H. at 745, 645 A.2d at 674. Considering RSA 508:10's *sole* test, *i.e.*, "whether the right of action is, or is not, barred by the first judgment," *Hughes v. Hebert*, 106 N.H. 176, 178, 207 A.2d 432, 433 (1965) (quotation omitted), we see no reason to treat a voluntary nonsuit any differently than a dismissal for failure to prosecute. Unless specifically provided for by the parties or by the court, neither sort of dismissal constitutes "a final judgment on the merits, conclusive as to the rights of the parties and their privies, . . . constitut[ing] an absolute bar to subsequent litigation involving the same cause of action." *Innie v. W & R, Inc.*, 116 N.H. 315, 316, 359 A.2d 616, 617 (1976); *see Doggett*, 138 N.H. at 746–47, 645 A.2d at 675; *Foster*, 136 N.H. at 730, 621 A.2d at 937.

Finally, we have stated that a voluntary nonsuit should be considered "with prejudice," barring a plaintiff's attempt to revive the previous action, when granting the revival would be "manifestly unjust to the other side." *Total Service, Inc. v. Promotional Printers, Inc.*, 129 N.H. 266, 268, 525 A.2d 273, 275 (1987) (quotation and emphasis omitted); *see* 24 AM. JUR. 2D *Dismissal* § 12, at 12 (1983). Because the parties have not had an opportunity to litigate this issue, it may be considered upon remand.

Accordingly, should it be found that the voluntary nonsuit in this case was without prejudice, then RSA 508:10 would authorize the defendants to revive their ZBA appeal. In addition, under those circumstances, because the ZBA decision does not "stand as if no appeal had been taken," *see Nolan*, 134 N.H. at 730, 599 A.2d at 117, the town's motion *in limine* should not have been granted on the grounds that the issue had been finally litigated.

*Reversed and remanded.*

All concurred.