Strafford
No. 96-758

NANCY MOULTON-GARLAND

v.

CABLETRON SYSTEMS, INC.

May 11, 1999

*Coolidge Professional Association,* of Somersworth (*Brian R. Barrington* on the brief and orally), for the plaintiff.

*Devine, Millimet & Branch, P.A.,* of Manchester (*Steven E. Grill* on the brief and orally), for the defendant.

BRODERICK, J. The plaintiff, Nancy Moulton-Garland, appeals the Superior Court's (*Fitzgerald,* J.) order granting summary judgment to the defendant, Cabletron Systems, Inc. (Cabletron), because she filed suit more than three years after her cause of action accrued. *See* RSA 508:4 (1997). We affirm.

The plaintiff began working for Cabletron in November 1986. She participated in an employee restricted stock plan, under which she was to receive three equal installments of stock with vesting occurring in May 1990, 1991, and 1992. In May 1992, Cabletron terminated her employment, a few days before her final stock installment was scheduled to vest.

Approximately one month before the statute of limitations expired, *see* RSA 508:4, the plaintiff filed suit against Cabletron in the United States District Court for the District of New Hampshire, asserting a single claim. Specifically, she alleged that pursuant to the Employment Retirement Income Security Act (ERISA), 29 U.S.C.A. §§ 1001 *et seq.* (1985 & Supp. 1998), Cabletron unlawfully deprived her of the May 1992 stock installment. Cabletron secured an extension of time to answer the complaint. Subsequently, Cabletron moved for summary judgment, arguing that the stock plan at issue was not subject to ERISA. The plaintiff consented to the motion but requested that the court grant it without prejudice to her State law claims that "could have accompanied the original complaint or would have been properly allowed as an amendment to the complaint under Federal Rule of Civil Procedure 15." The District Court (*DiClerico,* J.) granted summary judgment "with prejudice as to the ERISA claim . . . but without prejudice as to any claims which the plaintiff may have a right to bring in the state court." The district court ruled that no ERISA claim existed and that it lacked jurisdiction over the matter.

Twenty-four days after the three-year limitations period expired, the plaintiff filed suit in superior court ostensibly alleging essentially the same facts asserted in her federal complaint. In her writ, however, she claimed: (1) retaliation for filing a workers' compensation claim or wrongful discharge; (2) breach of duty of good faith; and (3) breach of contract. Cabletron secured summary judgment on the basis that the suit was untimely, *see* RSA 508:4. The trial court rejected the plaintiff's argument that the one-year saving statute applied, *see* RSA 508:10 (1997), because she failed to allege any State law claims in her federal suit. The court denied the plaintiff's subsequent motion for reconsideration, which raised, *inter alia,* the unclean hands doctrine. This appeal followed.

On appeal, the plaintiff argues that the trial court erred by failing to apply the one-year saving statute, RSA 508:10, and the doctrine of unclean hands to bar Cabletron from raising the statute of limitations defense. We address each claim of error in turn.

■ We first address the plaintiff's claim that the trial court erred by failing to apply the one-year saving statute, RSA 508:10,

because the federal district court's summary judgment order did not bar her from bringing her suit in State court pursuant to the saving statute. She argues that the district court disposed of her ERISA claim on jurisdictional grounds rather than on the merits, and therefore that judgment did not bar her right to bring a second suit pursuant to RSA 508:10.

RSA 508:10 provides:

> If judgment is rendered against the plaintiff in an action brought within the time limited therefor, or upon a writ of error thereon, and *the right of action is not barred by the judgment*, a new action may be brought thereon in one year after the judgment.

(Emphasis added.) The sole test under RSA 508:10 is "whether the right of action is, or is not, barred by the first judgment." *Town of Plaistow v. Riddle*, 141 N.H. 307, 310, 681 A.2d 650, 652 (1996) (quotation omitted). Although the saving statute protects the "diligent suitor" and is liberally construed in favor of litigating the merits of an action, *see Roberts v. General Motors Corp.*, 140 N.H. 723, 725, 673 A.2d 779, 781 (1996) (quotation omitted), it cannot revive a lawsuit in which a final judgment on the merits has been rendered, *see Foster v. Bedell*, 136 N.H. 728, 729-30, 621 A.2d 936, 938, *cert. denied*, 510 U.S. 844 (1993). A judgment entered "with prejudice" constitutes a judgment on the merits of a matter, even if it resulted from a violation of a procedural rule, *see Roberts*, 140 N.H. at 727, 673 A.2d at 782; *Foster*, 136 N.H. at 730, 621 A.2d at 938, and bars any attempt to revive the previous action, *cf. Town of Plaistow*, 141 N.H. at 310, 681 A.2d at 653. Therefore, if a court enters judgment "with prejudice," and no claims pled within that lawsuit are segregated from that judgment, the saving statute cannot revive that suit regardless of whether the second suit asserts the same facts as the first. *Cf. Roberts*, 140 N.H. at 724-26, 673 A.2d at 783 (multiple use of saving statute permissible to revive claim for which plaintiff accepted voluntary nonsuit but segregated from others dismissed on summary judgment because it was "virtually always on the active docket").

In this case, we agree that the district court did not reach the plaintiff's underlying allegation that Cabletron unlawfully deprived her of her final stock installment. The district court ruled, however, that the stock plan at issue was not an "employee benefits plan" subject to ERISA, and awarded Cabletron summary judgment *with prejudice* as to the ERISA claim, the sole claim asserted in her federal complaint. Accordingly, the summary judgment order was

conclusive as to the merits of her lawsuit, *see Town of Plaistow*, 141 N.H. at 310, 681 A.2d at 653 (judgment rendered "with prejudice" is conclusive on the matter); *cf. Langton v. Hogan*, 71 F.3d 930, 935 (1st Cir. 1995) (judgment entered in federal court "with prejudice" is subject to res judicata principles, and thus has conclusive effect on merits of matter).

The district court's issuance of summary judgment *"without prejudice* as to any claims which the plaintiff may have a right to bring in the state court," (emphasis added), does not help the plaintiff in this case. The district court's ruling inherently defers to the State court to assess any right the plaintiff has to pursue her State claims, and we conclude that she has no such right under the saving statute. This is not a situation in which a diligent suitor timely filed a lawsuit asserting multiple claims, and a court disposes of some claims with prejudice and the remaining ones without prejudice. *Cf. Roberts*, 140 N.H. at 724, 726, 673 A.2d at 780, 781-83. Here, both the federal district court and the superior court specifically found that the plaintiff's federal claim was based exclusively on ERISA. Moreover, in her response to Cabletron's summary judgment motion, the plaintiff conceded that she "filed a claim *solely* on a Federal question of [E]RISA," (emphasis added), but had pendent State law claims which *"could* have accompanied the original complaint or *would* have been properly allowed as an amendment to the complaint," (emphasis added). Accordingly, we conclude that when the district court disposed of her sole claim with prejudice, it necessarily disposed of her entire action, and no portion of her lawsuit remained on the active docket for RSA 508:10 purposes. *See id.* at 726, 673 A.2d at 782.

We recognize that we previously defined the term "action" under RSA 508:10 in a manner that initially appears to permit a plaintiff to file a second lawsuit asserting a new legal claim based on the same facts alleged in the first lawsuit. Specifically, we defined "action" to mean "a lawsuit, not a cause of action or a legal claim." *Id.* at 727, 673 A.2d at 782. That definition, however, is limited by the context of that case. In *Roberts*, the plaintiff timely filed suit in superior court asserting multiple legal claims, including breach of duty of good faith and fair dealing (good faith claim). The superior court granted the defendant summary judgment on all counts except the good faith claim, for which plaintiff Roberts accepted a voluntary nonsuit. Subsequently, plaintiff Roberts executed and served a second writ alleging the same good faith claim within the one-year period permitted by the saving statute, but failed to file in court.

After the one-year period lapsed, he unsuccessfully filed a motion for leave for late entry of the second writ, attempting to rely on the saving statute a second time. On appeal, this court concluded that plaintiff Roberts could successfully invoke the saving statute concerning the good faith claim which had been asserted in his initial lawsuit. *See id.* We conclude that *Roberts* is inapplicable here because the plaintiff in this case never asserted State law claims in her federal lawsuit, despite the existence of the federal court's pendent jurisdiction, *see* 28 U.S.C.A. § 1367 (1993).

We next address the plaintiff's claim that Cabletron should be barred from raising the statute of limitations defense pursuant to the doctrine of unclean hands. She asserts that absent Cabletron's time extension to answer the federal complaint, she could have discovered her mistaken reliance on ERISA and filed her claim in superior court before the limitations period expired. Cabletron contends that she failed to preserve this argument because she first raised it in a motion to reconsider the trial court's summary judgment order. Because this issue is preserved for appellate review even though first raised in a motion to reconsider, *see State v. Tselios*, 134 N.H. 405, 407, 593 A.2d 243, 245 (1991), we reject this contention and consider the merits of her unclean hands argument.

Assuming, without deciding, that the unclean hands doctrine could bar Cabletron from asserting the statute of limitations defense, *see Noddin v. Noddin*, 123 N.H. 73, 76, 455 A.2d 1051, 1053 (1983) (unclean hands doctrine may bar *equitable* relief), we hold that the doctrine does not apply under the circumstances of this case. We reject the plaintiff's suggestion that Cabletron's motion to file a late answer in federal court was a procedural maneuver. The plaintiff assented to the motion, which included a specific extension date clearly beyond the limitations period, and thus accepted the risk that Cabletron's response might be dispositive of her case. Accordingly, the plaintiff cannot rely on the unclean hands doctrine to save her State law claims.

We need not address the plaintiff's remaining arguments because the district court's summary judgment order entered "with preju-dice," *see Town of Plaistow*, 141 N.H. at 310, 681 A.2d at 653 (judgment entered with prejudice bars revival of case under RSA 508:10), is dispositive of the trial court's rejection of the saving statute, *see Voelbel v. Town of Bridgewater*, 141 N.H. 724, 725, 692

A.2d 512, 513 (1997) (if first argument dispositive, addressing remaining argument unnecessary).

*Affirmed.*

BROCK, C.J., with whom HORTON, J., joined, dissented; the others concurred.

BROCK, C.J., dissenting: The majority concludes that New Hampshire's saving statute, RSA 508:10 (1997), does not apply to State law claims that turn on the same facts pleaded in a prior federal complaint, but that were not pleaded specifically in that complaint, *see* 28 U.S.C.A. § 1367 (1993). Because this position is inconsistent both with prior precedent and with the policy considerations underlying the saving statute, I respectfully dissent.

In *Roberts v. General Motors Corp.*, 140 N.H. 723, 727, 673 A.2d 779, 782 (1996), we interpreted the term "action" in RSA 508:10 to mean "a lawsuit, not a cause of action or a legal claim." The majority now narrowly limits that interpretation to the procedural context of *Roberts*. In *Roberts*, however, we never purported to limit that interpretation to the procedural context of the case. Moreover, the plain language of RSA 508:10 does not contemplate that the term "action" could mean a "lawsuit, not a cause of action or a legal claim" in one case, but strictly a legal claim in another. "[W]hen the language used in a statute is clear and unambiguous, its meaning is not subject to modification by judicial construction." *State v. Dushame*, 136 N.H. 309, 314, 616 A.2d 469, 472 (1992) (quotation omitted). The majority essentially modifies the meaning of "action" in a way not expressly contemplated by the legislature.

In this case, the plaintiff clearly filed her lawsuit in a timely fashion, and the federal court granted the defendant summary judgment with prejudice *only* with respect to the ERISA claim, and not as to any potential State law claims. As the majority correctly observes, the federal court implicitly deferred to the State court's determination of whether any State remedies were available. Because we clearly defined "action" in RSA 508:10 to mean a "lawsuit" and not merely a particular legal claim, and because the federal court dismissed only the ERISA claim with prejudice, I would hold that the State law claims, premised upon identical facts as the ERISA claim, were available to the plaintiff under RSA 508:10.

Moreover, we have consistently interpreted RSA 508:10 liberally, ruling that its "broad and liberal purpose is not to be frittered away by any narrow construction." *Roberts*, 140 N.H. at 725, 673 A.2d at 781 (quotation omitted). The statute's purpose is "to insure a

diligent suitor the right to a hearing in court until he reaches a judgment on the merits." *Id.* (quotation omitted). The statute does not, however, "require diligence in the sense of never making mistakes — even 'inexcusable' mistakes — in lawyering." *Id.* at 726, 673 A.2d at 781. Rather, the statute seeks to protect "the plaintiff who has not slept on his rights." *Id.* The end result of today's ruling is to deny the plaintiff an opportunity to attain justice merely because her lawyer did not include pendant State claims arising from the same facts as her federal claim. In New Hampshire, however, "we make every effort to reach a judgment on the merits, to achieve the ends of justice unobstructed by imaginary barriers of form." *Id.* at 729, 673 A.2d at 783.

The majority's holding is clearly inconsistent with the policy considerations undergirding the saving statute. The plaintiff did not sleep on her rights but attempted to vindicate them in an appropriate forum within the limitations period. The defendant does not claim prejudice from the plaintiff's failure to file pendant State claims. Indeed, the federal complaint provided the defendant timely notice of the need to secure and preserve evidence and to marshal witnesses. *See id.* at 726, 673 A.2d at 781. That the plaintiff refiled her lawsuit in State court less than two months from the filing of her ERISA claim certainly cannot be said to have prejudiced the defendant's ability to defend itself against identical factual allegations. Because this result is contrary both to our interpretation of the express language of the saving statute and to its policy, I respectfully dissent.

HORTON, J., joins in the dissent.