**THE STATE OF NEW HAMPSHIRE**

**SUPREME COURT**

**In Case No. 2019-0188, <u>In the Matter of Judith Zecchino and Richard Zecchino</u>, the court on February 19, 2020, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. See <u>Sup. Ct. R.</u> 18(1). We affirm.

The petitioner, Judith Zecchino (wife), appeals the order of the Circuit Court (<u>Introcaso</u>, J.) on her motion to modify alimony, arguing that the trial court erred as a matter of law in dismissing the motion.

The record shows that the wife was married to the respondent, Richard Zecchino (husband), for 24 years. On or about March 17, 2014, following a mediation during which both parties were represented by counsel, the parties stipulated to the terms of their divorce. The court approved the stipulation on March 18, 2014. The husband agreed to pay the wife $3,300 per month in alimony for five years. The wife received approximately $230,000 of the husband's retirement account, which was valued at approximately $306,000.

Two and a half years later, on September 13, 2016, the wife, who had relocated to Arizona and was now self-represented, moved to modify alimony. She alleged that, at the time of the divorce, she believed that $3,300 per month would be sufficient for her needs, but later concluded that, given her living expenses, she was "way off the mark." She alleged that she had become fully disabled from work, that she was providing full-time care and financial support for two of the parties' three adult children, both of whom had become disabled, and that her financial circumstances had deteriorated. The wife requested permanent alimony of $5,000 per month, in addition to other forms of support.

On May 26, 2017, following a hearing, the court dismissed the motion with prejudice. The court ruled that, despite specific orders compelling discovery, including "full records as to her claimed disability and inability to secure gainful employment," the wife had failed to comply with the court's orders. The wife did not appeal.

On November 9, 2018, the wife again moved to modify alimony. On March 1, 2019, the trial court, concluding that the motion was "largely repetitive of [the wife's] last pleading," dismissed it with prejudice, "absent any new or different facts justifying the court's consideration of a modification."

See In the Matter of Canaway & Canaway, 161 N.H. 286, 289 (2010) (party seeking to modify alimony must show substantial change in circumstances making original award improper or unfair).

We review the wife's 2018 motion to determine whether the allegations were reasonably susceptible of a construction that would permit recovery. See Beane v. Dana S. Beane & Co., 160 N.H. 708, 711 (2010). The trial court's order dismissing the wife's 2016 motion, with prejudice, constituted a judgment on the merits barring any subsequent motion to modify alimony based upon the same allegations. See Moulton-Garland v. Cabletron Systems, 143 N.H. 540, 542 (1999). After reviewing the wife's pleadings, we conclude that her 2018 motion was based upon the same allegations as her 2016 motion. Accordingly, the trial court did not err by dismissing the 2018 motion.

The wife argues that, because she was seeking to extend or renew alimony, rather than to modify it, the trial court applied an incorrect standard of review. It is the wife's burden, as the appealing party, to provide this court with a record sufficient to demonstrate that she raised her issues in the trial court. Bean v. Red Oak Prop. Mgmt., 151 N.H. 248, 250 (2004). Because the record fails to show that the wife raised this issue in the trial court, we decline to address it. See id. In light of our decision, we need not address the wife's remaining arguments. See Antosz v. Allain, 163 N.H. 298, 302 (2012).

Affirmed.

Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,**
**Clerk**

2