NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by e-mail at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: http://www.courts.state.nh.us/supreme.

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Hillsborough-northern judicial district
No. 2019-0264

RIVERBEND CONDO ASSOCIATION

v.

GROUNDHOG LANDSCAPING AND PROPERTY MAINTENANCE, INC.

Submitted: January 9, 2020
Opinion Issued: June 5, 2020

Prieto Law, of Manchester (Joseph Prieto and Wesley Gardner on the brief), for the plaintiff.

Gallagher, Callahan & Gartrell, P.C., of Concord (John A. Curran on the brief), for the defendant.

HICKS, J. The plaintiff, Riverbend Condo Association, appeals an order of the Superior Court (Anderson, J.) dismissing its complaint against the defendant, Groundhog Landscaping and Property Maintenance, Inc., on res judicata grounds. The plaintiff contends that its complaint was not barred by the trial court's dismissal of its first action against the defendant, as that dismissal was not a final judgment on the merits. We affirm.

The following facts were found by the trial court. In July 2017, the plaintiff brought a breach of contract action against the defendant. In October

2017, the trial court issued a case structuring and alternative dispute resolution order, together with a notice of jury trial, which scheduled a trial management conference for August 6, 2018. Included in the case structuring order was a directive to the parties that "[f]ailure to appear at the trial management conference or trial may result in dismissal, default or other sanctions." See Super. Ct. Civ. R. 35(I)(a) (requiring that parties "be present or available by telephone [at the trial management conference], prepared to discuss conduct of the trial and settlement"). On August 6, 2018, neither party appeared at the scheduled trial management conference. That day, the Trial Court (Abramson, J.) entered an order stating: "Neither party appeared at final trial management conference this date. Trial is canceled and case is dismissed."[1]

On August 21, 2018, the plaintiff filed a "Motion to Re-Open," asking the court to reopen the matter and reschedule the trial management conference. The Trial Court (Abramson, J.) denied this motion, stating that the plaintiff's pleading constituted a motion to reconsider that was untimely filed.[2]

Shortly thereafter, on September 17, 2018, the plaintiff brought a second action against the defendant, alleging, among other things, breach of contract. The defendant moved to dismiss the complaint, arguing that it was barred on res judicata grounds by the trial court's prior dismissal order. Following a hearing in January 2019, the Trial Court (Anderson, J.) concluded that the prior dismissal constituted a judgment on the merits, as it was effectively issued "with prejudice." The court's decision was informed by Foster v. Bedell, 136 N.H. 728 (1993), in which we held that the trial court's dismissal of the plaintiffs' suit barred a second action, see Foster, 136 N.H. at 729-30, and by "the general rule followed by other jurisdictions" that a dismissal order is presumed to be "with prejudice" when silent as to its intended effect. The plaintiff filed a motion to reconsider, which was denied by the trial court, and this appeal followed.

Generally, when reviewing a trial court's ruling on a motion to dismiss, we consider whether the petitioner's allegations are reasonably susceptible of a construction that would permit recovery. Gray v. Kelly, 161 N.H. 160, 164 (2010). However, when a litigant moves to dismiss based exclusively upon res judicata, which is an affirmative defense, the movant bears the burden of proving its application. Id. Because the trial court determined that res judicata applied as a matter of law, our review is de novo. Id.

---

[1] Both parties also failed to file pretrial statements in violation of Superior Court Civil Rule 35. Super. Ct. Civ. R. 35(I)(b). However, the trial court's dismissal of the first action was not based on this violation.

[2] Pursuant to Superior Court Civil Rule 12(e), a motion to reconsider must be filed "within 10 days of the date on the written Notice of the order or decision . . . ." Super. Ct. Civ. R. 12(e).

The doctrine of res judicata prevents parties from relitigating matters actually litigated and matters that could have been litigated in a previous action. Appeal of Silva, 172 N.H. 183, 190 (2019). Under res judicata, a final judgment by a court of competent jurisdiction is conclusive upon the parties in a subsequent litigation involving the same cause of action. Cook v. Sullivan, 149 N.H. 774, 777 (2003). The doctrine applies if three elements are met: (1) the parties in both actions are the same or in privity with one another; (2) the same cause of action was before the court in both instances; and (3) the first action ended with a final judgment on the merits. 412 S. Broadway Realty v. Wolters, 169 N.H. 304, 313 (2016). The parties agree that the first two elements of res judicata are met. Thus, the sole question before us is whether the trial court's dismissal constituted a final judgment on the merits.

A judgment entered "with prejudice" constitutes a judgment on the merits of a matter, even if it resulted from a violation of a procedural rule, and bars any attempt to revive the previous action. Moulton-Garland v. Cabletron Systems, 143 N.H. 540, 542 (1999). A trial court has the power to dismiss an action with prejudice when the plaintiff has not complied with court rules. Roberts v. General Motors Corp., 140 N.H. 723, 727 (1996).

In determining that the dismissal of the previous suit constituted a judgment on the merits, the trial court relied on our decision in Foster. In that case, we held that the trial court's order dismissing the plaintiffs' suit for failing to file court-ordered pretrial statements was a judgment on the merits precluding the plaintiffs from availing themselves of RSA 508:10 (2010), the so-called "saving statute." Foster, 136 N.H. at 730. Important to our holding in Foster was our examination of that case's procedural history. See id. at 729-30; Cook, 149 N.H. at 777 (stating that whether a claim is barred by res judicata is determined on a case-by-case basis).

Following the trial court's dismissal, the plaintiffs in Foster moved for reconsideration twice, and were twice denied. Foster, 136 N.H. at 729. The plaintiffs did not appeal, but instead initiated a second action against the defendants. Id. The defendants filed a motion to dismiss on res judicata grounds. Id. At a hearing on the defendant's motion to dismiss, the trial court stated that if, after a careful review of the record, there was no indication in the file that any of the orders in the previous lawsuit could be construed as being without prejudice, it would grant the motion. Id. at 730. Thereafter, the defendants' motion to dismiss was granted, and the plaintiffs' subsequent motion for reconsideration was denied. Id. at 729.

Our holding in Foster was based on the "circumstances present" in that case. Id. at 730. A voluntary dismissal, if allowed by the court, is not a bar to a second action. Id. However, when a party has failed to comply with court rules, an involuntary dismissal may be issued by the court with prejudice. Roberts, 140 N.H. at 727. The circumstances in Foster led us to conclude that,

although the trial court's order was silent on whether it was issued with or without prejudice, it was a judgment on the merits precluding the plaintiffs from availing themselves of the saving statute. Foster, 136 N.H. at 730.

As the trial court noted, the procedural history presented in the case before us is nearly identical. Following a dismissal for the parties' failure to appear at a court-ordered trial management conference, the plaintiff filed a motion to reopen the case. Although the plaintiff did not move for reconsideration, the trial court treated the plaintiff's motion to reopen as a motion for reconsideration and denied it as untimely. The plaintiff did not appeal that denial, and instead filed a subsequent complaint against the defendant. The defendant moved to dismiss on res judicata grounds and, following a hearing, the court dismissed the plaintiff's case. Thus, for the reasons set forth in Foster, we conclude the trial court's order constituted a judgment on the merits, and, therefore, the trial court did not err by dismissing the plaintiff's case on res judicata grounds. See id. at 730.

The plaintiff contends that it was error for the trial court to presume that the order was issued with prejudice when it was silent on that matter. The plaintiff maintains that the order should, instead, be presumed to be without prejudice, as it was "purely procedural." See Jenks v. Menard, 145 N.H. 236, 238 (2000) (stating that "[w]e distinguish between 'purely procedural' dismissals, which do not bar subsequent actions, and those dismissals which are 'procedural,' but rest also on a substantive decision on the merits of the case, which do bar subsequent actions"). We are not persuaded that the trial court's silence requires reversal in this case.

At the hearing on the defendant's motion to dismiss, defense counsel asserted that the trial court, in deciding the plaintiff's motion to reopen the first action, could have exercised its equity powers and determined that, in light of the circumstances, it was going to reinstate the case. See Super. Ct. Civ. R. 1(d) ("As good cause appears and as justice may require, the court may waive the application of any rule."). Indeed, such an exercise of its equitable powers would have been an efficient remedy had the trial court intended its dismissal order on the first action to be without prejudice. Instead, the trial court denied the plaintiff's motion, treating it as a motion to reconsider that was untimely filed. As the trial court noted, "the denial of the motion to reopen would have had little effect and simply delayed resolution of the matter if plaintiff were free to restart the case from the beginning." This sequence of events lends ample support to the trial court's conclusion that dismissal of the plaintiff's action was "with prejudice."

Notwithstanding our holding today, we take this opportunity to remind trial courts that appeals such as this one will be avoided if, when dismissing a case, courts specify whether the dismissal is issued with or without prejudice. See Foster, 136 N.H. at 730 (stating that "an express indication in the first suit

4

that it was dismissed with prejudice would have prevented much of the confusion in this case").  This practice will eliminate uncertainty as to the issue of prejudice and the need for further litigation.

Lastly, the plaintiff challenges the trial court's reliance on Federal Rule of Civil Procedure 41(b), arguing that this reliance was error as there is no similar rule in New Hampshire.  Rule 41(b) provides that, unless the court specifies otherwise, an involuntary dismissal other than a dismissal "for lack of jurisdiction, improper venue, or failure to join a party . . . operates as an adjudication on the merits."  Fed. R. Civ. P. 41(b).  As noted by the trial court in its order on the plaintiff's motion for reconsideration, although opinions from courts in other jurisdictions are not binding on our court, we often look to them for guidance when deciding issues of first impression.  See, e.g., In re Estate of Sharek, 156 N.H. 28, 30-33 (2007) (concluding, where the statute at issue was silent on whether it was to be applied prospectively or retrospectively, that it could be applied retrospectively, and, in so doing, noting "that a majority of other jurisdictions appear to be in accord with our holding"); In the Matter of Barrett & Coyne, 150 N.H. 520, 523-25 (2004) (looking to other jurisdictions in interpreting state statutes that are inconsistent on their face); Stateline Steel Erectors v. Shields, 150 N.H. 332, 334 (2003) (stating that "we look to other jurisdictions for guidance" in cases that present issues of first impression).  Moreover, this court has consulted Federal Rule of Civil Procedure 41(b) in an advisory opinion stating that a dismissal based on the running of a statute of limitations is a judgment on the merits for purposes of applying res judicata.  Opinion of the Justices, 131 N.H. 573, 580-81 (1989).  Given this practice by our court, it was not erroneous for the trial court to do the same.

In light of our determination that, under the circumstances of this case, the trial court's order constituted a judgment on the merits, we need not address the other arguments raised by the plaintiff.  We find Foster controlling and affirm the trial court's order.

Affirmed.

BASSETT, HANTZ MARCONI, and DONOVAN, JJ., concurred.

5