NOTICE: This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press. Errors may be reported by email at the following address: reporter@courts.state.nh.us. Opinions are available on the Internet by 9:00 a.m. on the morning of their release. The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

_____

Merrimack
No. 2021-0213

TYCOLLO GRAHAM

v.

EUROSIM CONSTRUCTION & a.

Argued: March 15, 2022
Opinion Issued: March 10, 2023

Bussiere & Bussiere, P.A., of Manchester (Keith F. Diaz on the brief and orally), for the plaintiff.

Sulloway & Hollis, P.L.L.C., of Concord (David W. Johnston and Trevor J. Brown on the joint brief, and Trevor J. Brown orally), for defendant Eurosim Construction.

O'Connor & Associates, L.L.C., of Sudbury, Massachusetts (Peter J. Hamilton on the joint brief), for defendant ProCon, Inc.

BASSETT, J. The plaintiff, Tycollo Graham, appeals an order of the Merrimack County Superior Court (Tucker, J.) dismissing his lawsuit against the defendants, ProCon, Inc. and Eurosim Construction, on res judicata

grounds. The plaintiff argues on appeal that his suit in Merrimack County Superior Court was not barred by the Grafton County Superior Court's prior dismissal of an identical action against the same defendants because the prior dismissal was not a final judgment on the merits. We agree with the plaintiff that his suit is not barred by res judicata, and accordingly, we reverse and remand. We also adopt a prospective rule that a dismissal order resulting from a plaintiff's violation of a court order or a procedural rule that is silent as to prejudice will be deemed to be without prejudice and, therefore, not "on the merits" for the purposes of res judicata.

The record supports the following facts. In October 2017, the plaintiff was working at a construction site when he was injured by falling glass panels. In February 2018, he filed suit in Grafton County Superior Court against the subcontractor, Eurosim Construction, and the general contractor, ProCon, alleging negligence based on the defendants' failure to secure the glass panels or warn him that the panels could fall (Graham I). After ProCon failed to file an answer, the trial court entered a default. The trial court struck the default and, in June 2018, issued a scheduling order, which fixed discovery deadlines and set a trial date for August 2019.

On October 30, 2018, the trial court granted a motion by the plaintiff's counsel to withdraw. On the same day, it issued a notice entitled "Rule 17 (d) Notice." (Bolding and capitalization omitted.)[1] The notice stated, in its entirety:

> Please be advised that the court has been informed that [plaintiff's counsel] has withdrawn from this case . . . and no other appearance has been entered. If Tycollo Graham or an attorney fail to file an appearance by November 19, 2018, the court may take such action as justice may require.

Neither the plaintiff nor an attorney filed an appearance before the deadline. Shortly thereafter, the court dismissed the case without specifying whether the dismissal was with or without prejudice. The plaintiff did not move for reconsideration, nor did he appeal the dismissal.

On November 18, 2019, the plaintiff filed a lawsuit in Merrimack County Superior Court (Graham II). The lawsuit was essentially identical to the first lawsuit. ProCon timely filed an answer to the complaint that did not raise the affirmative defense of res judicata. See Super. Ct. R. 9(d)(15) (listing res judicata as an affirmative defense that must be timely pled to avoid waiver).

---

[1] The parties agree that the rule controlling parties' obligations following withdrawal of counsel is Rule 17(f). We note that, effective January 1, 2018, Rule 17(d) was designated Rule 17(f). Compare Super. Ct. R. 17(d) (2017) (amended Oct. 18, 2017) with Super. Ct. R. 17(f).

Eurosim failed to file an answer and the trial court entered a default against it. Eurosim filed a motion to strike the default, which the court granted, and on January 21, 2020, Eurosim filed an answer that pled the affirmative defense of res judicata. Approximately six months later, ProCon moved to amend its answer to add res judicata as an affirmative defense. The trial court granted the motion.

In August 2020, the defendants filed a motion to dismiss on res judicata grounds. Over the plaintiff's objection, the trial court granted the motion and dismissed the case. The trial court relied on our decisions in Foster v. Bedell, 136 N.H. 728 (1993), and Riverbend Condo Ass'n v. Groundhog Landscaping & Property Maintenance, 173 N.H. 372 (2020), reasoning that "unless the circumstances of the case show the court intended the dismissal to be without prejudice, an order that is silent on the point weighs generally in favor of dismissal with prejudice." This appeal followed.

On appeal, the plaintiff argues that the trial court erred in dismissing Graham II on res judicata grounds because the order dismissing Graham I was issued without prejudice and therefore does not constitute a final judgment on the merits. The plaintiff asserts that the trial court's ruling in Graham II was based on an erroneous interpretation of Foster and Riverbend. He argues that it was incorrect for the trial court to presume a dismissal order is with prejudice if it is silent as to prejudice, and that whether a dismissal is with or without prejudice must be determined on a case-by-case basis. He further argues that unique circumstances in this matter counsel in favor of construing the dismissal of Graham I as being without prejudice. The defendants counter that we need not engage in a case-by-case analysis because we presume that dismissal orders that are silent as to their intended effect are with prejudice, and that the procedural history of Graham I supports the trial court's dismissal in Graham II. We agree with the plaintiff that the dismissal order in Graham I was issued without prejudice. Accordingly, it was error for the Graham II court to conclude otherwise.

Generally, when reviewing a trial court's ruling on a motion to dismiss, we consider whether the plaintiff's allegations are reasonably susceptible of a construction that would permit recovery. Riverbend, 173 N.H. at 374. However, when a litigant moves to dismiss based exclusively upon res judicata, which is an affirmative defense, the movant bears the burden of proving its application. Id. at 374-75. Because the trial court determined that res judicata applied as a matter of law, our review is de novo. Id. at 375.

The doctrine of res judicata precludes the relitigation of causes of action that have been, or should have been, tried in an earlier action. See 5 Gordon J. MacDonald, New Hampshire Practice: Wiebusch on New Hampshire Civil Practice and Procedure § 57.20, at 57-11 (4th ed. 2014). Res judicata "rests on considerations of economy of judicial time and public policy favoring the

3

establishment of certainty in legal relations." Id. at 57-15. The doctrine applies if three elements are met: (1) the parties in both actions are the same or in privity with one another; (2) the same cause of action was before the court in both instances; and (3) the first action ended with a final judgment on the merits. Riverbend, 173 N.H. at 375. Here, because the parties agree that the first two elements of res judicata are satisfied, the only question before us is whether the trial court's dismissal in Graham I constituted a final judgment on the merits.

A judgment entered "with prejudice" constitutes a judgment "on the merits" and bars any attempt to revive the previous action. Id. The phrase "on the merits" would seem to refer to only dismissals based on the substance of a case, such as dismissals for failure to state a viable claim, as opposed to those rendered for "purely procedural" reasons. See ERG, Inc. v. Barnes, 137 N.H. 186, 189 (1993) (construing dismissal for failure to state a cause of action as "on the merits," because such a dismissal "does not rest upon a purely procedural ground, but rather upon the conclusion of the trial judge that the cause alleged is without substantive merit" (quotation omitted)). However, we have at times construed dismissals that are silent as to prejudice as with prejudice — and therefore on the merits — even if they appeared to be "purely procedural," when they have arisen from a plaintiff's failure to comply with court rules. See, e.g., Riverbend, 173 N.H. at 375-77.

To determine whether the dismissal of Graham I constituted a judgment on the merits for the purposes of res judicata, we examine the circumstances present in Graham I. See id. at 376. In that case, the trial court dismissed the case due to the plaintiff's failure to file an appearance following the withdrawal of counsel. The dismissal order in Graham I reads, in its entirety:

> Following the withdrawal of plaintiff's counsel from this case, the Clerk's Office issued a Rule 17(d) notice directing the plaintiff to appear by himself or through an attorney or non-attorney representative by November 19, 2018. The plaintiff or his attorney having failed to file an appearance by the deadline, the Complaint is dismissed.

(Citation omitted.)

Superior Court Rule 17 governs appearances. See Super. Ct. R. 17. To determine whether it was error for the court in Graham II to construe the dismissal in Graham I as on the merits, we must examine the consequences of failing to file an appearance in compliance with Rule 17. In conducting this analysis, we look to all applicable sections of Rule 17.

We interpret Superior Court Rules de novo and in a manner similar to how we interpret statutes. See Lillie-Putz Trust v. Downeast Energy Corp., 160 N.H. 716, 722 (2010). When interpreting a Superior Court Rule, as with a rule of evidence, a statute, or an administrative rule, we will first look to the plain

4

meaning of the words.  Id.  We do not consider the words and phrases in isolation, but rather within the context of the rule as a whole.  See Chesley v. Harvey Indus., 157 N.H. 211, 213 (2008).

Every party to an action must file an appearance.  See Super. Ct. R. 17(a)-(d).  Rule 17(a) explains that an appearance is a "form containing the name, street address, mailing address, email address, New Hampshire Bar Association member identification number, and telephone number of the person entering the [a]ppearance."  Super. Ct. R. 17(a).  If counsel for a party withdraws, as happened in Graham I, Rule 17(f) provides that the party must file a new appearance "by himself, herself, attorney or non-attorney representative by a date fixed by the court," or else "the court may take such action as justice may require."  Super. Ct. R. 17(f).  We read Rule 17(f) in conjunction with Rule 17(b), which governs appearances filed by self-represented parties.  See Super. Ct. R. 17(b).  At the time the plaintiff failed to file an appearance, he was self-represented.  Under Rule 17(b), the failure of a self-represented party to file an appearance "shall result in a conditional default or other order as justice requires."  Super. Ct. R. 17(b) (emphasis added).

We find it significant that Rule 17(b) specifies that a self-represented party's failure to file an appearance may result in a conditional default.  While not defined in Rule 17, a conditional default is not a final dismissal — rather, it provides the party an additional opportunity to comply with the underlying requirement before a default is entered.  See OptRx Laboratories v. Cavanaugh, 126 N.H. 255, 256 (1985) ("Customary practice in the courts of this jurisdiction makes it clear that an order of conditional default is an order that an absolute default will be entered unless the defaulted party fulfills the terms of a stated condition by a stated date.");  cf. Super. Ct. R. 29(d) (conditional default for failure to timely answer interrogatories or requests for production "shall be vacated" if answer is provided within ten days after receiving notice thereof and party moves to strike the conditional default (emphasis added)). Given that the rule specifies such a provisory remedy, we construe the phrase "other order as justice requires" in the context of Rule 17(b) as generally referencing similar remedies.  See In the Matter of Preston and Preston, 147 N.H. 48, 51 (2001) (describing the canon of statutory construction ejusdem generis, which provides that "where general words follow an enumeration of persons or things . . . such general words . . .  are to be held as applying only to persons or things of the same kind or class as those specifically mentioned" (quotation omitted)).  In comparison, dismissal with prejudice is a severe sanction, not of the kind contemplated by Rule 17(b).  Cf. Donovan v. Canobie Lake Park Corp., 127 N.H. 762, 763 (1986) ("[I]n view of the potentially serious consequences of the use of defaults as a sanction, . . . both notice and an opportunity for hearing should be given to a party in default prior to the entry of judgment and assessment of damages.").  We therefore conclude that dismissal with prejudice is not generally an "other order as justice requires" under Rule 17(b).

5

Our construction of Rule 17(b) effectuates the purpose of Rule 17(f).  See Avery v. Comm'r, N.H. Dep't of Corr., 173 N.H. 726, 733 (2020) ("We construe all parts of a statute together to effectuate its overall purpose . . . ."); see also Lillie-Putz Trust, 160 N.H. at 722.  The requirement that parties file appearances historically serves as a party's submission to the court's personal jurisdiction.  See Black's Law Dictionary 122 (11th ed. 2019) (defining "appearance").  However, Rule 17 makes evident that filing an appearance also serves an administrative purpose: ensuring that the court and other parties have the necessary information as to who is appearing on behalf of a party and how to contact that representative.  See Super. Ct. R. 17(a).  Because Rule 17(f) is implicated only after a party has already filed an initial appearance and consented to the court's jurisdiction, the requirement that a party file a new appearance is primarily administrative — to ensure the court and other parties have updated information as to the party's representation.  To dismiss a party's suit with prejudice because the party violates this rule would undermine the fundamental principle that, in New Hampshire, a party should not lose a case on a "procedural technicality."  In re Proposed Rules of Civil Procedure, 139 N.H. 512, 515 (1995) (quotation omitted).

Here, the record lacks any indication that the circumstances in Graham I warranted dismissal with prejudice as a sanction for the plaintiff's violation of Rule 17.  Therefore, we decline to interpret the trial court's order in Graham I as a dismissal with prejudice.  In concluding otherwise, the Graham II trial court erred.  We therefore reverse the dismissal in Graham II and remand.

As demonstrated by this case, interpreting trial courts' dismissal orders based on the circumstances present in a given case is a difficult undertaking.  Requiring trial courts — and this court — to do so in every case or appeal involving the preclusive effect of a dismissal order that is silent as to prejudice is antithetical to the objectives of the doctrine of res judicata, which is "[s]purred by considerations of judicial economy and a policy of certainty and finality in our legal system."  Eastern Marine Const. Corp. v. First Southern Leasing, 129 N.H. 270, 273 (1987) (quotation omitted).  Therefore, on more than one occasion, we have reminded trial courts that "appeals such as this one will be avoided if, when dismissing a case, courts specify whether the dismissal is issued with or without prejudice."  Riverbend, 173 N.H. at 377; see Foster, 136 N.H. at 730 (stating that "an express indication in the first suit that it was dismissed with prejudice would have prevented much of the confusion in this case").  Nonetheless, as this appeal demonstrates, appeals continue to be filed which require that we discern whether dismissal orders based on procedural defaults that are silent as to prejudice should be construed as "on the merits" for res judicata purposes.  We now conclude that the time has come to exercise our supervisory role under RSA 490:4 (2010) and establish a clear rule: a dismissal order resulting from a plaintiff's violation of a court order or a

6

procedural rule that is silent as to prejudice will be deemed to be <u>without</u> prejudice and, therefore, not "on the merits" for the purposes of res judicata in both the superior and circuit courts.

This rule is consonant with a fundamental principle underlying our court system: procedural technicalities should not thwart the administration of justice. <u>See</u> <u>Proposed Rules of Civil Procedure</u>, 139 N.H. at 516. As Chief Justice Charles Doe observed over a century ago, "[t]he judgment, and any necessary process for carrying it into effect, being directed to the ends of justice, cannot be obstructed by imaginary barriers of form." <u>Walker v. Walker</u>, 63 N.H. 321, 328 (1885). More recently, we have explained that courts should "make every effort to reach a judgment on the merits." <u>Roberts v. General Motors Corp.</u>, 140 N.H. 723, 729 (1996). Construing procedural dismissals that are silent as to prejudice as without prejudice, and therefore not on the merits, serves the interests of justice, and will be our practice and the practice of trial courts going forward.

<u>Reversed and remanded</u>.


MACDONALD, C.J., and HICKS and DONOVAN, JJ., concurred.